# Snoddy *v.* The State.

### *Indictment for Grand Larceny.*

1. *Confession: when sufficient corroboration of the testimony of an accomplice.*—The confession of a defendant indicted for the larceny of a hog, a felony under the statute, that he was present when the hog was killed, and aided in carrying away the carcass, though coupled with a denial of his complicity with the killing, is a sufficient corroboration of the testimony of an accomplice, to authorize a conviction under the statute prohibiting a conviction for a felony on the testimony of an accomplice, "unless corroborated by other evidence tending to connect the defendant with the commission of the offense."

APPEAL from Greene Circuit Court.
Tried before Hon. S. H. SPROTT.
The facts are sufficiently stated in the opinion.

J. B. HEAD, for appellant, cited *Hunt v. State*, 55 Ala. 138; *Smith v. State*, 59 Ala. 104; *Marler v. State*, 67 Ala. 55; Code, 1876, § 4895.

H. C. TOMPKINS, Attorney-General, for the State, cited *Smith v. State*, 59 Ala. 104; *Levy v. State*, 49 *Ala.* 390.

SOMERVILLE, J.—The defendant is indicted for the larceny of a hog, which is a felony under the statute. The main witness, whose testimony implicates the defendant in the commission of the crime charged, is an accomplice.

The State sought to corroborate this testimony by evidence

[Snoddy v. The State.]

of the defendant's confession made to one Rose, the owner of the animal which was killed and stolen. The question presented for decision is, whether this confession tends to *connect the defendant with the commission of the offense*, within the meaning of the statute, which prohibits a conviction of felony on the testimony of an accomplice unless corroborated by other evidence of this character.—Code, 1876, § 4895.

The defendant admits, in his confession, that he was present when the hog was killed, but denies his complicity in the act itself. He admits, however, that he aided in carrying the animal away after being killed.

In *Hunt v. The State*, 55 Ala. 138, we held that the statute had reference to *live* animals described, and not to their carcasses after they were killed. The stealing of the carcass would be petit larceny and not a felony, unless it exceeded the sum of twenty-five dollars in value.—Code, 1876, § 4358.

It is insisted by the appellant's counsel that, under this construction of the statute, the defendant can not be convicted of stealing the live hog unless he participated in the killing, and that a mere aiding in carrying off the meat, after the animal was dead, is insufficient. In our opinion, there can be no doubt of the soundness of this position, but the defect in its application is, that the confession of the defendant *tended* to show his participation in the killing, as well as in the act of carrying off the carcass. He confesses that he was present when the killing took place. This was sufficient to authorize the jury to conclude that he was a participant in the act, in as much as he immediately reaped the fruits of it by aiding in carrying away the carcass. It is no answer to this, that the defendant denied the fact of such participation. The settled and elementary rule as to confessions is, that the whole of what the defendant says on the subject, at the time of making the confession, must be admitted in evidence, and should be construed together by the jury. But all parts of the confession are not entitled to equal weight or credit. The jury may believe that part which inculpates the prisoner, and reject that which is exculpatory, if they see sufficient reason for doing so. What one charged with crime may say in his own favor may be rejected as unworthy of credit, while an admission against interest, or confession of guilt made at the same time, or in the same conversation, may be accepted as very probably true. 1 Greenl. Ev. §§ 219, 201 ; Whart. Cr. Ev. § 688.

It was for the jury to determine the weight or degree of credit which should be attached to the confession, and to say whether it satisfactorily corroborated that portion of the statement of the accomplice which connected the defendant with the commission of the offense, which here may be assumed to

[Bell v. The State.]

be the act of killing the animal charged to be stolen.—*Marler v. The State*, 67 Ala. 55; *Marler's case*, 68 Ala. 580; *Smith v. The State*, 59 Ala. 104.

The judgment of conviction must be affirmed, as we discover no error in the rulings of the circuit court.