(100 So. 572)

## BIDDLE v. STATE. (7 Div. 889.)

(Court of Appeals of Alabama. June 10, 1924.)

**1. Criminal law ⬅586, 1151—Granting of continuance lies within trial court's discretion and not revisable.**

Granting or refusal of continuance lies within trial court's discretion, and its action is not revisable on appeal.

**2. Criminal law ⬅589(1)—Denial of continuance in liquor prosecution held not an abuse of discretion.**

Trial court did not abuse its discretion in denying defendant's motion for a continuance in a liquor prosecution, where defendant exhibited a letter from a United States government official directing him to proceed to a city outside the state for a physical examination.

**3. Criminal law ⬅655(3) — Court's remark held not to require reversal for refusal to grant continuance.**

Where defendant had requested a continuance in a liquor prosecution by exhibiting a letter from a government official directing him to proceed to a city outside the state for a physical examination, court's remark in denying continuance that he could be examined as well "down there" was not reversible error.

**4. Criminal law ⬅511(7)—Defendant's confession held sufficient corroboration of accomplice's testimony to justify conviction.**

Where defendant and others were found at a whisky still in full operation, witness' testimony that defendant said still was his, after proper predicate was laid to show that such confession was voluntary, was a sufficient corroboration of an accomplice's testimony, under Code 1907, § 7897, to justify a conviction.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Houston Biddle was convicted of violating the prohibition law, and appeals. Affirmed.

Isbell & Scott, of Fort Payne, for appellant.

The court should have given defendant's requested charge 2, to the effect that he could not be convicted, unless the testimony of the accomplice was corroborated. Lindsey v. State, 170 Ala. 80, 54 South. 516; Moore v. State, 15 Ala. App. 152; 72 South. 596; Horn v. State, 15 Ala. App. 213, 72 South. 768.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The indictment contained two counts; the first count charged the manufacture of prohibited liquors, and the second count charged the possession of a still. There was a general verdict of guilty.

[1-3] The appellant, defendant in the court below, applied for a continuance of the case on the ground that he had been ordered by the government authorities to New Orleans. for physical examination.

The granting or refusal of an application for continuance is matter of discretion with the trial court, and its action thereon is not. revisable on appeal. Carr v. State, 104 Ala. 4, 16 South. 150; Lowery v. State, 98 Ala. 45, 13 South. 498.

While continuances are discretionary with the trial court, there may be such a gross. abuse of the discretion as to authorize a reversal, but such abuse is not shown, when the defendant exhibits a letter from a United States government official directing that he proceed to a city outside this state for a physical examination. And the remark of the court that he could be examined as well "down there" as at New Orleans will not work a reversal for the refusal of the court to grant a continuance.

[4] The evidence of the state was directed to showing that the defendant and others were found at a whisky still in full operation. The defendant's counsel insist that there was no sufficient corroboration of the evidence of the accomplice, Johnnie Robinson, to justify a conviction. A conviction for a felony cannot be had on the uncorroborated evidence of an accomplice. Section 7897, Code of 1907.

The recent unexplained possession of stolen property has been held sufficient corroboration of the evidence of an accomplice to support a conviction for felony. Malachi v. State, 89 Ala. 134, 8 South. 104.

Evidence that the defendant was present when the hog alleged to have been stolen was killed and assisted in carrying it away was held sufficient to corroborate the evidence of an accomplice on the trial for larceny. Snoddy v. State, 75 Ala. 23.

In the instant case, after proper predicate to show that the confession was voluntary, the witness Camp testified that the defendant said the still was his. A confession by the accused may be sufficient corroboration of the evidence of an accomplice to authorize a conviction. Crittenden v. State, 134 Ala. 145, 32 South. 273; Snoddy v. State, 75 Ala. 23.

While the mere presence of the defendant at the still without more is not sufficient to convict him, his presence at the still and flight on the approach of the officers are circumstances which may be submitted to the jury to decide whether these facts sufficiently corroborated the evidence of the accomplice to authorize a conviction upon it. Ross v. State, 74 Ala. 532.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
20 Ala.App.—4

Charge 1, refused to the defendant, is fully and fairly covered by the oral charge of the court.

Charge 2, the affirmative charge for the defendant, was properly refused. There was evidence corroborating the evidence of the accomplice, and, in connection with his evidence, was ample to justify a conviction.

The judgment of the circuit court is affirmed.

Affirmed.