27 So.2d 794

**HARRIS v. STATE.**

**7 Div. 797.**

Court of Appeals of Alabama.

Aug. 1, 1946.

Rehearing Denied Oct. 8, 1946.

Merrill, Merrill & Vardaman, of Anniston, for appellant.

Wm. N. McQueen, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

Appellant was indicted and convicted for the offense of transporting, in quantities of five gallons or more, liquors or beverages, the sale, possession, or transportation of which is prohibited by the laws of Alabama, contrary to the provisions of Section 187, Title 29, Code of Alabama 1940.

The caption and body of the indictment upon which appellant was tried is as follows:

"The State of Alabama, Cleburne County Circuit Court, Spring Term, Fed. 7, 1944

"The Grand Jury of said County charge that before the finding of this Indictment, John Henry Harris, alias Hook-a-bow Harris, whose true name is to the grand jury unknown, otherwise than as stated, did within this State transport in quantities of five gallons or more, liquors or beverages, the sale, possession or transportation of which is prohibited by law in Alabama, against the peace and dignity of the State of Alabama."

■ Appellant demurred to the indictment on seven grounds. The first ground of the demurrer was that the indictment failed to charge an offense against the laws of this State. This ground is untenable since the indictment substantially followed the language of the statute. Section 187, Title 29, supra; Jackson v. State, 27 Ala.App. 468, 174 So. 540; Sections 230, 231, 232, Title 15, Code of Alabama 1940.

Grounds 2, 3, 4, and 5 of the demurrer challenge the indictment because it does not show that appellant was not engaged in interstate commerce; that the liquors were not purchased from a state store and tax paid; that the liquor was not legally purchased from the Alabama Alcoholic Beverage Control Board; and that it does not show that the transportation was within a dry county.

We think the above grounds may properly be grouped for discussion.

■■ In the first place all of the situations set forth in the above grounds constitute matters of defense. It is not ordinarily necessary that an indictment anticipate and negative defensive matters. 27 Am.Jur. p. 623.

■ This court judicially knows that Cleburne County was at the time of this alleged offense a "dry" county, and that therefore the state prohibition laws were in full force and effect therein. In addition the evidence shows that the liquor transported in this case was "moonshine" and totally tax unpaid, the possession or transportation of which was illegal anywhere in this State.

Grounds 6 and 7 of the demurrer attack the indictment for failure to allege that the defendant transported the liquors in Cleburne County, and that it fails to show in what county the transportation took place.

Section 238, Title 15, Code of Alabama 1940, is as follows:

"It is not necessary to allege where the offense was committed; but it must be proved, on the trial, to have been committed within the jurisdiction of the county in which the indictment is preferred."

■ The caption of the indictment returned against this appellant shows it was returned by a grand jury of Cleburne County, and the evidence clearly established that the illegal transportation took place in Cleburne County.

It is our opinion that the lower court did not err in overruling the demurrer to the indictment.

The evidence introduced by the State tended to establish that on or about 1 October 1943, the Sheriff of Cleburne County, acting on a "tip" pursued an automobile containing three negro men. The fleeing automobile attempted to leave the main highway and overturned in the effort. The three occupants fled and could not at that time be apprehended by the sheriff. In the overturned automobile there were found fourteen gallons of "moonshine" tax unpaid whiskey in unbroken containers, and additional containers were broken in the accident. The pursuit and accident occurred in Cleburne County, Alabama. Subsequently the three occupants of the fleeing car were taken into custody.

522

■ One of these three, L. C. Smith, testified at the trial below that appellant had employed him and the other two occupants to drive appellant's car to Cleburne County and purchase whiskey, and had given him $240 with which to make the purchase. Appellant's objections to Smith's testimony on the ground that no corpus delicti had been established are so patently without merit that no discussion is deemed necessary.

■ The appellant, who was not an occupant of the fleeing car, was also arrested in connection with this offense. After his arrest the appellant made a written statement in the nature of a confession. The voluntary character of this statement was thoroughly established. Appellant strenuously objected to its admission when offered in evidence on the grounds that there had been no proof of the corpus delicti. There is no merit in this contention. The illegal transportation of the tax unpaid whiskey had already been shown by the testimony of the Sheriff of Cleburne County. This in itself was sufficient to show the substantive fact that a crime had been committed and established the corpus delicti. Rowe v. State, 19 Ala.App. 602, 99 So. 748.

The confession of appellant was therefore properly received in evidence. This confession sets forth that appellant had employed L. C. Smith and the other two men to go to Cleburne County in appellant's automobile to purchase and return to appellant thirty gallons of corn whiskey, and had given Smith $240 with which to make the purchase.

■ The appellant was therefore a principal in the second degree in the commission of this offense. Section 14, Title 14, Code of Alabama 1940 abolishes the distinction between principals in the first and second degrees in felonies, and makes all persons concerned in the commission of a crime, whether directly or indirectly, liable to indictment, trial, and punishment as though principals in the first degree.

■ In his motion for a new trial appellant sets forth that the trial court erred in refusing appellant's request for the affirmative charge because the testimony of the witness, L. C. Smith, an accomplice, was not sufficiently corroborated. It is of course basic that a conviction for a felony cannot be had on the uncorroborated evidence of an accomplice. Section 307, Title 15, Code of Alabama 1940. However, a confession by an accused may be sufficient corroboration of the evidence of an accomplice to authorize a conviction. Biddle v. State, 20 Ala.App. 49, 100 So. 572; Crittenden v. State, 134 Ala. 145, 32 So. 273; Snoddy v. State, 75 Ala. 23. This obviates the necessity of otherwise determining the sufficiency of any other evidence to corroborate Smith's testimony.

From a careful examination of the record in this case we are convinced that it is completely free of error in every respect.

Affirmed.

CARR, J., not sitting.