43 So.2d 431

**CLARK v. STATE.**

6 Div. 978.

Court of Appeals of Alabama.
Dec. 20, 1949.

Young & Young, of Vernon, for appellant.

A. A. Carmichael, Atty.Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Judge.

Vester Clark, the appellant, was convicted of possessing a whisky still. Title 29, Sec. 131, Code 1940.

Without dispute in the evidence the officers found a complete still and five gallons of whisky. The location was about 250 or 300 yards from the dwelling of one Selmer Pipkins. It appears that the defendant owned the house and some land adjoining, but had rented it to Pipkins.

A fair interpretation of the evidence is that the still outfit and whisky were not found on defendant's land but very near thereto.

The appellant had a room at Pipkins's home, but he did not occupy it regularly. The evidence tended to show that he was at the home on various occasions and his automobile was often seen in the yard.

Pipkins testified that the appellant owned the still and had worked thereat. The witness freely admitted that he, too, had assisted in the operation. It is not left in doubt that he was an accomplice.

The affirmative charge was requested in appellant's behalf, and it is urged that it should have been given because the testimony of the admitted accomplice was not sufficiently corroborated. Title 15, Sec. 307, Code 1940.

The evidence which tended to corroborate the accomplice came primarily from two sources.

Mrs. Pipkins testified that she saw the appellant take wood from her house and carry it in the direction of the still place.

One of the raiding officers gave testimony with reference to two conversations which he claimed he had with the defendant after the raid. We copy a portion of this from the record:

"Q. Was anybody present besides you? A. Just Vester and me.

"Q. Where were you? A. In the Sheriff's office and out on the sidewalk. We had two conversations.

"Q. Do you remember how long that was after the still was found? A. I went looking for him three or four times—it was four or five days.

"Q. I'll ask you whether in the conversation he said the still belonged to him? A. He first said 'I'll pay for it but I won't claim it,' and I said, 'You won't have anything to pay for it you don't claim it.'

"Q. What did he say then? A. He said it was his.

"Q. Did he say anything in regard to whether Selmer was working for him? A. I don't believe Selmer was mentioned.

"Q. And he told you both times it was his? A. Yes sir."

Our courts are committed to the view that a voluntary confession by the accused may be a sufficient corroboration of an accomplice to authorize a conviction. Harris v. State, 32 Ala.App. 519, 27 So.2d 794; Biddle v. State, 20 Ala.App. 49, 100 So. 572; Snoddy v. State, 75 Ala. 23.

In treating the instant question it is not required that we take into account the fact that the appellant denied, while testifying in his behalf, that he made the indicated statement to the officer. The review must be based on a consideration of the evidence in its most favorable light for the prosecution. Jones v. State, 33 Ala.App. 451, 34 So.2d 483; Womack v. State, 34 Ala.App. 487, 41 So.2d 429.

We would be out of line with the familiar authorities if we should base error on the action of the court in denying the motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Freeman v. State, 30 Ala.App. 99, 1 So.2d 917.

We have responded to all presented questions which in our view merit comment.

It is ordered that the judgment of the court below be affirmed.

Affirmed.