44 So.2d 18

## JONES v. STATE.

### 3 Div. 914.

Court of Appeals of Alabama.

Jan. 17, 1950.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

Robt. H. Jones and F. M. Smith, of Evergreen, for appellant.

**CARR, Judge.**

The accused was convicted in the court below of larceny of a milch cow. Title 14, Sec. 331, Code 1940.

Without dispute in the evidence Mr. James Wiggins' milch cow was taken, in the nighttime, from a pen or enclosure. The animal was later found in Mr. Odom Vickory's field.

Ephrim Wright and Avery Mathews were jointly indicted with the appellant. Wright and Mathews entered pleas of guilty. The appeal here is based on the judgment of conviction of Dale Jones, the other indictee.

Mathews and Wright testified for the State in the trial below, and if their testimony is to be taken as true there can remain no evidential doubt of the guilt of the accused.

The prime insistence in brief of appellant's counsel is that the testimony of the two admitted accomplices was not sufficiently corroborated. In other words that the demands of Sec. 307, Title 15, Code 1940, were not fully met.

Mr. Wiggins testified that he had a conversation with the appellant after the latter was released from jail. With reference to what the defendant said the witness stated: "He said he couldn't recollect anything that happened. He said he was confident that him and Ephrim went and got the cow but he couldn't recollect much that happened along that time."

Mr. Odom Vickory testified that the appellant and a strange man came to witness' home during the afternoon. The stranger was introduced as "Gorum." It appears that Mr. Vickory later found out that this person was, in fact, Mathews, the co-indictee.

The appellant represented to Mr. Vickory that "Gorum" had a milch cow to sell. Apparently Mr. Vickory was an interested purchaser. About eleven o'clock that night Dale Jones, Ephrim Wright, and "Gorum" (Mathews) came back to the home of the witness.

We excerpt the following from the testimony of Mr. Vivkory:

"Q. When did you next see them? A. About 11 o'clock Dale came on the porch and knocked on the door and my wife called and said: 'Dale is there.'

"Q. This defendant? A. Yes, sir. I went to the door and he said, 'I have the cow' and I put on my shoes and walked on the porch, and I said, 'Where is it.' I didn't see a truck, and he said, 'She is right out here' and there are some bushes growing at the corner of the yard where I couldn't see the truck.

"Q. Who did you see? A. When I got close to the back of the truck there was Ephriem Wright and this boy known to me as Gorum.

"Q. The two in the witness room? A. Yes, sir.

"Q. Was Dale Jones there? A. Yes, sir."

There follows a recitation of the conversation with reference to the amount to be paid for the cow. After some offers and counteroffers, it was finally agreed that the purchase price would be $50.00. $40.00 of this amount was delivered at the time, and by agreement the balance was to be paid the next day. Mr. Vickory instructed the parties to put the cow in his field.

It is insisted in brief of appellant's attorney that the testimony just above is without effective corroboration because it does not appear from the evidence that the

cow Mr. Wiggins found in Mr. Vickory's field was the same animal which was sold in the indicated transaction.

■ We cannot accord merit to this position. The facts and circumstances tend strongly to establish that it was the same cow.

■ "¶Corroborate", as applied to the statute in question, means to strengthen. It must be some fact or facts which will strengthen the testimony of the accomplice. It is not necessary that it tend to establish or prove the exact facts stated by the accomplice. It must be sufficient and of such probative value as to connect the defendant with the commission of the crime. Brown et al. v. State, 31 Ala.App. 529, 19 So.2d 88; Bradley v. State, 19 Ala.App. 578, 99 So. 321; Morris v. State, 25 Ala.App. 156, 142 So. 592.

Justice Thomas, writing for the Supreme Court in Skumro v. State, 234 Ala. 4, 170 So. 776, 778, stated the doctrine in this language: "It is further established that the corroboration of an accomplice must tend to connect the accused with the commission of the offense; that it need not refer to particular statements testified to by that accomplice, but must strengthen the probative incriminatory force of such accomplice's testimony. Having this effect, it is sufficient to warrant submission of the issues of fact involving defendant's guilt to the jury." See also, Malachi v. State, 89 Ala. 134, 8 So. 104; Smith v. State, 230 Ala. 413, 161 So. 538; Berry v. State, 231 Ala. 437, 165 So. 97; Segars v. State, 19 Ala.App. 407, 97 So. 747; Dykes v. State, 30 Ala.App. 129, 1 So.2d 754; Hodge v. State, 32 Ala.App. 283, 26 So.2d 274; English v. State, 14 Ala.App. 636, 72 So. 292.

In the case of Dunn v. State, 28 Ala. App. 396, 187 So. 641, 642, this court reviewed facts somewhat analogous to those in the case at bar. In response we observed: "The larceny charged was of several articles of clothing taken at night from the pressing shop of H. H. Bowman. There was testimony tending to prove the posses-sion of some of this clothing by the defendant after the crime had been committed, and, also, testimony tending to prove incriminating admissions in the nature of confessions made in the presence of several witnesses. These facts, together with the details of the crime by the accomplice, were sufficient to justify the jury in rendering a verdict of guilty."

■ There was other evidence which tended to corroborate the testimony of the accomplices. However, we will not set it out nor comment on it. Clearly, that which we have delineated hereinabove is sufficient to illustrate our view that the defendant was not due the general affirmative charge as insisted. Clark v. State, Ala.App., 43 So.2d 431;[1] Harris v. State, 32 Ala.App. 519, 27 So.2d 794; Biddle v. State, 20 Ala. App. 49, 100 So. 572; Snoddy v. State, 75 Ala. 23; Lowe v. State, 32 Ala.App. 176, 22 So.2d 618.

The familiar applicable rule will not permit us to hold that the court below was in error in denying the motion for a new trial. Fagan v. State, ante, p. 13, 44 So.2d 634.

■ Refused charges 4 and 18 are each unintelligible. This was due likely to the fault of the typist, but, be this as it may, their refusals were justified. Miller v. State, 15 Ala.App. 4, 72 So. 506; York v. State, Ala.App., 39 So.2d 694; Kent v. State, Ala.App., 41 So.2d 194.

■ Refused charge numbered 8 is not an accurate or correct statement of the law. It is not required that the corroborative testimony, of itself alone, be sufficient to support a conviction. Authorities, supra.

The questions we have omitted to discuss do not merit our comment.

We gladly acknowledge that the able briefs which were filed on this appeal have considerably lightened our load in the preparation of this opinion.

The judgment of the court below is ordered affirmed.

Affirmed.

---

1. Ante, p. 60.