84 So.2d 673

Herman M. ENGLISH, Jr.,

v.

STATE.

8 Div. 688.

Court of Appeals of Alabama.

Jan. 10, 1956.

Harold T. Pounders, Florence, for appellant.

John Patterson, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Edmon L. Rinehart, Montgomery, of counsel, for the State.

HARWOOD, Presiding Judge.

The indictment against this appellant contained two counts.

The first charged him with burglary in the nighttime of a store owned by H. A. Green, and the second charged grand larceny of certain named property of H. A. Green.

The jury returned a verdict of guilty under both counts.

The demurrer to the indictment was properly overruled. Each count follows the appropriate code form, and is in every wise sufficient.

The evidence presented by the State consisted of the testimony of two companions of appellant on the night in question. Their testimony in brief was to the effect that they, the appellant, and two other men were together on the night in question. They drank a considerable amount of beer, and eventually put a quantity of beer in appellant's car and rode to a place called Cox' Woods. There they drank beer and discussed breaking into Green's store. Whether appellant actively entered into this discussion is not clear from the record. At any rate, he drove them to the store where the two burglars got out. By prearrangement he later picked them up and the loot taken from Green's store was loaded in appellant's automobile.

The next morning a part of the goods stolen from Green's store was found in appellant's automobile.

The State also introduced as a witness Mr. Gus Goode, who was jailer at the time of appellant's arrest.

Mr. Goode had been present when appellant was interviewed by the Solicitor. After proper predicate as to its voluntariness Mr. Goode was permitted to testify that in this interview the appellant had stated that he had been with the group, including the two State witnesses on the night of the burglary. That they had ridden around drinking beer and eventually they had gone to Cox' Woods where they talked about going and getting into Green's store. The appellant further stated he went in the car with the group to the store.

Section 307, Title 15, Code of Alabama 1940, provides that a conviction for a felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.

■ However, to meet the requirements of this section it is not necessary that the corroborative evidence refer to any particular statement or fact testified to by the accomplice. If it strengthens the probative criminating force of the accomplice's testimony, and tends to connect the defendant with the commission of the offense, it is sufficient to warrant the submission of the issue of guilt to the jury. Allen v. State, 32 Ala.App. 570, 28 So.2d 420, and cases therein cited.

■ The appellant's admission as testified to by Mr. Goode would be amply sufficient in its corroborative aspects to submit the issue of appellant's guilt to the jury, for statements by an accused, particularly when confessory in nature, may furnish sufficient corroboratory proof to meet the requirements of the statute requiring corroboration of an accomplice. Moore v. State, 30 Ala.App. 304, 5 So.2d 644; Clark v. State, 35 Ala.App. 60, 43 So.2d 431.

■ There is also the additional evidence presented by the State of the finding the following morning in appellant's automobile of some of the goods taken in the burglary of Green's store. The appellant must be deemed in constructive possession of these recently stolen goods. Lawson v. State, Ala.App., 82 So.2d 812.[1] The reasonableness of evidence presented by the appellant explaining such possession was for the jury. If the explanation failed to satisfy the jury this possession would also furnish further corroboration of the testimony of the accomplice.

■ The charges refused appellant were refused without error inasmuch as they were either affirmative in nature, or were covered by the oral charge of the court or other charges given at appellant's request.

■ The evidence by the State being sufficient, if believed by the jury under the required rule to warrant the jury finding the appellant guilty as an aider and abettor, this cause is due to be affirmed.

Affirmed.