215 So.2d 727

**Aubrey Ray KNOWLES**

v.

**STATE.**

I. Div. 349.

Court of Appeals of Alabama.

Nov. 5, 1968.

Wilson Hayes, Bay Minette, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

This is an appeal from appellant's second conviction of cattle theft. His first conviction was reversed and remanded. Knowles v. State, ante p. —— 204 So.2d 506.

Briefly, the testimony was that appellant and three others went to the pasture of one Lewis Cotton in Baldwin County, Alabama, and there shot and killed one of his cows and that the four attempted to load the cow into a car but were unable to do so because of the weight of the cow.

W. O. Garner, Chief Deputy Sheriff of Baldwin County, Alabama, testified that he arrested the appellant subsequent to the killing of the cow and that he had a conversation with appellant at the jail at which time appellant made a statement to him. Garner stated that prior to making the statement appellant was informed of his right to appointed counsel during interrogation; that no one in his presence offered appellant a reward or hope of reward or any inducement to make a statement; and that no one threatened or intimidated him or used any force or violence to get him to make a statement.

Garner then stated as follows as to what the appellant told him:

"Q. What was the statement?

"A. He said this boy—Davidson— came over to Mobile and had picked him up and told him that he was going deer hunting and wanted him to go with him and they came over here and killed a cow, and they tried to load the cow in the car and the cow was too big and they drug her a ways to get her to the back of the car and they could not load her.

"Q. That, in essence, is what he told you that happened that night?

"A. Yes, sir."

At the conclusion of the State's case, counsel for the defendant moved to exclude the State's evidence on the grounds that the only evidence connecting the appellant with the case was the testimony of accomplices.

**546**

In Harris v. State, 32 Ala.App. 519, 27 So.2d 794, this court stated in part as follows:

"It is of course basic that a conviction for a felony cannot be had on the uncorroborated evidence of an accomplice. Section 307, Title 15, Code of Alabama 1940. However, a confession by an accused may be sufficient corroboration of the evidence of an accomplice to authorize a conviction."

In Clark v. State, 35 Ala.App. 60, 43 So. 2d 431, this court stated:

"Our courts are committed to the view that a voluntary confession by the accused may be a sufficient corroboration of an accomplice to authorize a conviction."

See also Biddle v. State, 20 Ala.App. 49, 100 So. 572; Crittenden v. State, 134 Ala. 145, 32 So. 273; and Snoddy v. State, 75 Ala. 23.

■ We are of the opinion that the statement made by the appellant as testified to by Deputy Sheriff Garner serves as sufficient corroboration of the testimony given by the accomplices. *Harris,* supra; *Clark,* supra.

■ Defendant's requested charge No. 1, being a general affirmative charge, was properly refused by the court as there was sufficient evidence from which the jury could find appellant guilty.

Defendant's requested charges Nos. 2 and 3 were properly refused as they were adequately covered in the court's oral instructions to the jury. Tit. 7, Sec. 273, Code of Alabama, 1940.

Having made a thorough search of the record and finding no error therein, we are of the opinion that the judgment in this cause is due to be and the same is hereby

Affirmed.