268 So.2d 881

Henry Thomas **FLOKS**, alias

v.

**STATE.**

**3 Div. 112.**

Court of Criminal Appeals of Alabama.

Oct. 24, 1972.

---

C. Knox McLaney, III, Monroeville, for appellant.

William J. Baxley, Atty. Gen., and Sarah V. Maddox, Asst. Atty. Gen., for the State.

ALMON, Judge.

This is an appeal from a judgment of conviction of possession of heroin. Punishment was fixed at five years in the penitentiary.

Appellant was stopped on May 17, 1970, while driving an automobile, by the Montgomery City Police for speeding and other traffic violations. The facts leading up to the arrest of appellant and the four other occupants of the automobile can be found in the companion case of Daniels v. State, 50 Ala.App. ——, 276 So.2d 438, 1972.

Counsel for appellant argues three separate grounds for reversal of this cause. Two of them may be summarily disposed of.

■ Shortly after appellant's arrest he signed a confession to the effect that the heroin found in the purse of his wife, Estelle Grant, was his, and that he had given the heroin to her for safekeeping during the trip from New York. He argues that the confession was involuntarily made and therefore inadmissible. According to the testimony of police officers the appellant signed a waiver of rights form after having been given adequate warnings in compliance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. This was prior to the time he signed the confession. We are of the opinion that the trial judge committed no error in admitting the confession.

■ Appellant's wife testified as a witness for the State. The substance of her testimony was that the heroin found in her purse was owned by appellant and that he gave it to her to hold for the duration of the journey from New York to Selma. Certainly, under the facts of this case appellant's wife was an accomplice in the possession of the heroin. This is of no consequence since her testimony was amply corroborated by the appellant's confession. Clark v. State, 35 Ala.App. 60, 43 So.2d 431; English v. State, 38 Ala.App. 377, 84 So.2d 673.

This was a prosecution for possession of heroin found in the purse of the appellant's wife. Her purse was searched and the heroin seized approximately thirty minutes after her arrest. Appellant complains that

this search and seizure which produced the heroin was unlawful and violated *his* Fourth Amendment rights. His conviction rests upon his "constructive possession" of the heroin found. At no time was heroin found on the person or property of appellant. It should be noted that at trial appellant denied ownership of the heroin.

■■ We are of the opinion that appellant lacks standing to raise the issue of the lawfulness of the search and seizure which produced the heroin. The thrust of the Fourth Amendment is the protection of the privacy of the individual from arbitrary and capricious interference by government officials. Hence, the rule that:

". . . [T]he right to protection against an unlawful search is personal, and a defendant in a criminal case who denies any proprietory or possessory interest in seized property has no standing to object to the method of seizure. Aldridge v. State, 278 Ala. 470, 179 So.2d 51, and federal cases there cited." Guenther v. State, 282 Ala. 620, 213 So. 2d 679.

"But it is well settled that, 'When a person disclaims interest in the premises or possessions searched, or in the articles seized, he cannot question the legality of the search and seizure.' 79 C.J.S. Searches and Seizures § 60, p. 816. . . ." Ramsey v. City of Huntsville, 42 Ala.App. 603, 172 So.2d 812.

From the above rule it is obvious that appellant lacks standing to question the legality of the search upon his wife's property.

However, the decision of Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed. 2d 697, is said to give appellant standing in the instant case. In *Jones* the defendant was prosecuted for a violation of federal narcotics laws. The contraband was seized at the apartment of a friend of the defendant. The defendant was present on the premises with the permission of his friend at the time of the search. The court held that under Rule 41(e) of the Federal Rules of Criminal Procedure defendant had standing to attack the legality of the search conducted on his friend's apartment, even though he failed to allege he owned the contraband, and even though under prior law the nature of his legal interest in the premises searched would deny him standing. This decision was based on the reasoning that if the gravamen of the offense was the possession of contraband, "standing" to challenge the search which produced the contraband was conferred automatically.

We find the rule in *Jones*, supra, is inapplicable to the instant case. Here, the search and seizure was conducted at the police station upon movable personal property, admittedly owned by another. There was no invasion of the appellant's right to privacy. In *Jones* there was, because the defendant was in lawful possession of the dwelling searched. In State v. Nobles, 79 N.J.Super. 442, 191 A.2d 793, a case in which the facts with regard to the search and seizure were practically identical to those here, the Superior Court of New Jersey found this distinction persuasive:

"Defendant relies upon United States v. Jones [Jones v. United States], supra, and Jeffers v. United States, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951), in asserting that he has standing to challenge the admissibility of the heroin seized from Collins. But both cases are distinguishable, for in each instance the persons asserting the right were held to be lawfully in possession of the searched dwellings."

See also State v. Loran, 62 Wash.2d 4, 380 P.2d 733.

The court in *Jones*, supra, stated:

"In order to qualify as a 'person aggrieved by an unlawful search and seizure, one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as

**104**

a consequence of a search or seizure directed at someone else. . . ."

The above statement clearly points out that the Court in *Jones* did not intend its decision to eliminate the requirement of an invasion of privacy as a precondition to "standing."

In *Jones* a dwelling was searched; whereas in the present case the person of another was searched.

Finding no error in the trial below, the judgment in this cause is due to be and is hereby

Affirmed.

TYSON and DeCARLO, JJ., concur.

CATES, P. J., dissents.

HARRIS, J., recuses self.