Appellant was convicted of robbery of Joe Johnson and sentenced to fifteen years imprisonment.
Joe Johnson and Barney Morrison testified that on the morning of October 15, 1976, while they were at a boat landing warming some stew and cleaning a painter's truck owned by Morrison, by whom Johnson was employed as a painter, two black men "jumped down" and one of them beat Johnson with a stick. Johnson said that nineteen dollars and fifty-five cents was taken out of his pocket, four or five ribs fractured, some of his teeth knocked out and he went to a hospital for treatment. Morrison testified that the two men beat Morrison and Johnson with hickory sticks, went through Morrison's pocket, took his watch, his knife and his billfold with fifteen dollars. Neither Johnson nor Morrison could identify defendant as one of the robbers.
Donald Stokes testified as a witness for the State. He said he was in the United States Army stationed at Ft. Lee, Virginia. He had known appellant and one Leonard Earl Johnson about three years and about six years respectively. He said he was with them on the morning of October 15, 1976, in an automobile driven by defendant. He said, "We were trying to find someone to rob." The automobile was stopped down close to the river landing. Freddie and Leonard said, "we are going to get them." *Page 31 
They picked up a stick and a pipe. At that time, the witness said:
"A I told them I was fixing to go.
"Q What?
"A I told them I was fixing to leave.
"Q And where if anyplace did you go, please?
"A I went down the tracks toward my home.
"Q Okay. Did you get home?
"A Yes."
According to the witness, he saw the two about 7:30 or 8:00 o'clock that night, at which time they "got a little high" on marijuana, which he admitted he frequently smoked, and had sold. He was eighteen years of age. He said he had not seen the metal pipe until he saw them get out with the pipe at which time he got out and started home. He said that in talking with Freddie that night Freddie said, "We got them."
Detective Ricky Mobley testified that on February 11, 1977, he interviewed appellant at the Montgomery County Jail. He advised him of his constitutional rights by using the Standard Rights Form, which appellant signed. The form contained a plenary statement of rights, including his right to an attorney at public expense. He did not ask for an attorney and stated that he understood his rights, and after signing the form, appellant without pressure of any kind exerted upon him stated that he and Leonard Johnson had robbed two painters at the river boat landing; they were cooking at the time. He said Leonard did the beating and he held one down. He was thereafter on the same occasion asked if he would give a written statement, and he stated he would, but, according to Detective Mobley, after appellant had written approximately one paragraph, he said, "I am not going to give you anything in writing until I see my attorney." Appellant then threw the paper away. At that point the interview was terminated.
Appellant testified that he was thirty-four years of age, had been married six years and had five children, but that he and his wife had been separated about five years. He said he was living with his mother-in-law in Montgomery, but that in October 1976 he was working in Cleveland, Ohio. He denied taking any part in the robbery. He further denied admitting the robbery as related by Detective Mobley. His version of the interview with Detective Mobley was to the effect that he was not mistreated in any way, he was given the rights form and signed it, but that he told Detective Mobley that he didn't want to make a written statement but "would wait until my lawyer was present." He said that after he stated that he "wanted a lawyer," Detective Mobley stopped talking with him.
In the Waiver of Rights form, which defendant signed, it was stated:
 "I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me."
The position is taken by appellant that Donald Stokes was an accomplice to any robbery that was committed and that there was no corroborative evidence connecting defendant with the commission of the offense, except the testimony of Detective Mobley as to appellant's admission, which appellant argued should not have been admitted in evidence. The State takes the position that Stokes was not an accomplice and that the admission or confession of appellant was properly admitted in evidence.
The test in determining whether a witness is an accomplice is whether the witness could have been indicted and convicted of the particular offense, either as a principal or an accessory.Allen v. State, 290 Ala. 339, 276 So.2d 583 (1973); Dykes v.State, 30 Ala. App. 129, 1 So.2d 754 (1941).
There may be justification for strong suspicion that Stokes aided or abetted the robbery, but, in the absence of other evidence, a judgment of conviction of Stokes could *Page 32 
not be upheld. It may be difficult to reconcile his statement that they were looking for someone to rob and his other testimony to the effect that immediately upon his observance of the action by the other two he left the scene. There is no evidence that he said or did anything in the way of encouragement or assistance. There is a basis for a surmise that Stokes may have been covering for appellant and Leonard Johnson, but the undisputed evidence is to the contrary, and Stokes' explanation is as consistent with innocence as it is with guilt of the robbery, either as a principal or an accessory.
In reliance upon Williams v. State, 52 Ala. App. 406,293 So.2d 324 (1974); Cameron v. State, 49 Ala. App. 482,273 So.2d 242, cert. denied 290 Ala. 363, 273 So.2d 248 (1972); Floks v.State, 49 Ala. App. 101, 268 So.2d 881 (1972); Knowles v. State,44 Ala. App. 545, 215 So.2d 727 (1968); Harris v. State,32 Ala. App. 519, 27 So.2d 794, cert. denied 248 Ala. 389,27 So.2d 797 (1946); Biddle v. State, 20 Ala. App. 49, 100 So. 572
(1924), it is stated:
 "It has been held that non-accomplice evidence of an admission or confession by the accused is sufficient corroboration of an accomplice's testimony to sustain a conviction of the accused." Gamble, McElroy's Alabama Evidence, § 300.01 (9) (1977).
There is a dispute between appellant and Detective Mobley as to whether appellant confessed, but the evidence is undisputed that at the time Detective Mobley said appellant confessed, he had been fully apprised of his rights, had voluntarily and intelligently waived them and that whatever statement he made was voluntary. Detective Mobley's testimony as to what he said was properly admitted in evidence.
On the trial, defendant objected to the question asked Joe Johnson as to how long after the robbery he was in the hospital, but the objection was not made until after the witness had answered, "One week." The particular question was asked in connection with other questions relative to the extent of the injuries inflicted upon the victim in the course of the robbery, to which there was no objection. For reasons in addition to the untimeliness of the objection, the trial court properly overruled it.
The phrasal averment of the indictment, "by violence to his [the victim's] person" or its equivalent, expressed alternatively in the indictment, is a material averment thereof. The extent of a victim's injuries is some evidence of the extent of the violence, a matter which the trier of facts should consider on the issue of defendant's guilt or innocence. The trial court was not in error in overruling defendant's objection. Cobern v. State, 273 Ala. 547, 142 So.2d 869 (1962);Brown v. State, 120 Ala. 342, 25 So. 182 (1899). In Brown, it is stated:
 "Robbery is an offense against the person as well as against the property of the party robbed, — against the person by violence, and against the property by manucaption with felonious intent of taking the property. James v. State, 53 Ala. 380, 381; Thomas v. State, 91 Ala. 34, 9 So. 81. There was no error, therefore, in allowing the prosecutor, Hicks, to show the nature and extent of the violence to his person, employed by the robber." 120 Ala. at 348, 25 So. at 184.
Our review of the record convinces us that it shows no error prejudicial to appellant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of Section 6.10 of the New Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur. *Page 33