CLARK, Retired Circuit Judge.
A jury found appellant-defendant guilty of robbery and fixed his punishment at imprisonment for life. The court sentenced him accordingly.
No contention is made that the verdict was not amply supported by the evidence, and we find that there is no reasonable basis for such a contention. We will limit our discussion of the evidence to that which has a material bearing upon the matters considered in this opinion.
Defendant had originally pleaded not guilty and not guilty by reason of insanity, but, before his trial was commenced, the plea of not guilty by reason of insanity was withdrawn, his attorney stating in open court that he had discussed the matter with defendant and “in my opinion he understands and agrees with that decision.”
Dr. Allen Shealy, Ph.D., a clinical psychologist, testified as a witness for defendant. He said he conducted a thorough examination of defendant on January 14, 1977, about two weeks before his trial. He testified on two occasions during the trial. The first occasion was on voir dire, out of the presence of the jury, in connection with the question of the admissibility of an incriminating statement of defendant. The other occasion was before the jury on the issue made by the pleadings. His testimony on both occasions was substantially the same.
The record of the testimony of Dr. Shealy on voir dire, out of the presence of the jury, reflects a careful, thorough and commendable effort upon the part of counsel to show that defendant was not mentally competent to make a confession that would be admissible in evidence. The gist of Dr. Shealy’s testimony was that, in accordance with the Wechsler Adult Intelligence Scale or Test, defendant’s score was 69, which placed him in the. borderline retardation limits, to-wit, 68-83; the mild mental retardation range is 52-67; the moderate mental retardation range is from 36-51; the severe mental retardation range is from 20-35 and the profound mental retardation range is any range below 20.
Dr. Shealy also testified that in his opinion defendant could not understand several of the words contained in the statement of rights and warnings made to defendant before he signed the incriminating statement, otherwise referred to as a confession.
A major insistence by defendant on the trial and by appellant on appeal was and is that he was not mentally capable of making a valid confession. No contention is made to the effect that defendant was not fully advised and warned as to his constitutional rights against self-incrimination and to the assistance of counsel, at the expense of the State, and we find that he was so fully advised and warned.
In arguing that defendant was not mentally competent to understand and waive his constitutional rights so as to make a confession by him admissible in evidence, appellant relies upon principles established in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) and subsequent cases, followed particularly in Alabama in Pierce v. State, 52 Ala.App. 422, 293 So.2d 483 (1974) and Edgerson v. State, 53 Ala. App. 581, 302 So.2d 556 (1974), per Judge Almon, now Justice Almon, in both cases.
*458 In each of the cited cases, the problem was not whether an accused was mentally competent to make a confession that is admissible in evidence, but whether there was a bona fide doubt of defendant’s mental competency to stand trial on the issue of his guilt, which if existent (a bona fide doubt as to such mental competency), a due process hearing was required as to his mental competency to stand trial on the issue as to his guilt or innocence.
Whether defendant was mentally competent to make a confession sufficient to meet the pre-Miranda and the post-Miranda [1] requirements, does not hinge upon whether there is a bona fide doubt as to his sanity or reasonable grounds for doubting his sanity. The inapplicability of the latter test is definitely shown in Allred v. State, 55 Ala.App. 74, 313 So.2d 195, cert. denied 294 Ala. 751, 13 So.2d 203 (1975), quoted as length with approval in Swanson v. State, Ala.Cr.App., 346 So.2d 1166 (1977). The record shows that the trial court attentively and thoroughly considered the question of the defendant’s mental competency to make a confession admissible in evidence, including all the testimony of the psychologist, the appearance of the defendant, and his intelligible and intelligent answers to questions asked him at the time of his confession and all other evidence bearing on the question of his mentality. It was not in error, in our opinion, in overruling defendant’s objection to the admission in evidence of the confession or in overruling defendant’s motion to suppress the confession. Even though the court decided, as it should, that the confession was admissible in evidence, the question of its weight was for the jury to decide. Allred and Swanson, supra.
James B. Hutchinson was the victim of the robbery. According to the undisputed evidence, including the testimony of Mr. Hutchinson, he was on duty for a convenience store in Ensley, Alabama, about 9:30 A.M. when defendant entered the store, shot him with a pistol, reached over the counter, opened the cash register and took money therefrom and left the store. The robbery occurred on April 27, 1976. The trial commenced on January 31, 1977. Mr. Hutchinson testified that when he was shot he fell to the floor and that as soon as he could, he called for assistance and was taken to a hospital.
Appellant urges that there was error in the court’s overruling his objections to questions asked Mr. Hutchinson on direct examination as shown by the following:
“Q. When did you get out of the hospital, Mr. Hutchinson, do you remember?
“A. No, sir, I don’t remember the exact date.
“Q. How many operations have you had?
“MR. WAITES: We object to that, if it please the Court. That’s not material.
“THE COURT: Overruled.
“MR. WAITES: We except.
“A. Three.
“Q. Where were you shot, please, sir?
“A. Right below my ribs. It lodged next to my backbone.
“Q. When was that bullet removed from your back?
“MR. WAITES: That’s immaterial and we object to it unless it has some materiality. It’s only to inflame the minds of the jury.
“THE COURT: Overruled.
“MR. WAITES: We except.
“A. I think it was about three weeks after I was shot.
“Q. Do you know which operation it was, second, third?
“A. Second.
“Q. Did you have something — did the doctors do something to your stomach and your intestines please sir?
“MR. WAITES: We object. Calls for a medical opinion.
“MR. RUSSELL: I’m asking if he knows of his own knowledge. I believe he can say of his own knowledge.
“MR. WAITES: We object to it.
“THE COURT: Overruled.
*459 “MR. WAITES: We except.
“A. Yes, sir. I have, part of my stomach is plastic, and I have plastic tubes instead of intestines.
“MR. WAITES: We object to the answer, may it please the Court.
“THE COURT: Overruled.
“MR. WAITES: We except.”
Appellant stoutly argues that he was greatly prejudiced by the testimony quoted above, stating that he “can find no reason for the use of such testimony, other than as an appeal to sympathy or passion.”
We do not agree with appellant’s contention, although we do not see any great value either to the State or defendant in the testimony above quoted. Evidence as to the extent of the violence exerted by a robber against his victim is admissible. It is relevant and material to the issue of guilt or innocence, inasmuch as actual or constructive violence as a means of taking personal property from another is an essential element of the crime. White v. State, Ala.Cr.App., 352 So.2d 29, (1977). It is also material and relevant upon the question of the relative gravity of the offense that would tend to aid in determining the punishment to be imposed. Brown v. State, 120 Ala. 342, 25 So. 182 (1899); Cobern v. State, 273 Ala. 547, 142 So.2d 689 (1962). It should be noted that at the time the crime in this case was committed and at the time of the trial, the jury determined the issue of guilt and fixed the punishment and that the Code of Alabama 1975, which authorizes the trial judge to fix the punishment, did not go into effect until October 31, 1977.[2] Acts of Alabama 1977, No. 20.
In addition, it should be observed that the particular testimony quoted above occurred after a lengthy voir dire cross-examination of the witness, out of the presence of the jury, predicated upon defendant’s contention that the then proposed identification of the defendant by the witness as the person who robbed him was tainted by photographs that were shown him while he was in the hospital and by a lineup procedure conducted three or four months after he was shot. The witness had described the defendant to officers, but he did not know his name and was not shown a photograph of defendant and did not see defendant between the time of the robbery and the time of the lineup. The evidence had a definite bearing upon any question as to the trustworthiness of the testimony of the witness as to the identity of the person who robbed him, which was strongly attacked by defendant.
We are of the opinion that the objection to the question asked the witness as to how many operations he had had, on the ground that it was not material, was not well taken; that the objection to the question as to when the bullet was removed from his back, on the ground that it was immaterial and on the ground that it was only to inflame the minds of the jury, did not require a sustention of the objection; and that the objection to the question whether the doctors did something to his stomach and his intestines, on the ground that it called for a medical opinion, did not constitute a valid objection. Each of said objections was overruled without error.
We have searched the record for error prejudicial to defendant and have found none. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. See Governor’s Proclamation, Code 1975, Vol. 1, vi.