This Court granted certiorari to determine whether the Court of Criminal Appeals, 461 So.2d 1 (1983) was correct in holding that a certain witness for the prosecution in this case was not an accomplice.
The defendant, R.J. Bates, was convicted of felony-murder in violation of Code of 1975, § 13A-6-2 (a)(3). The evidence, as summarized in the opinion of the Court of Criminal Appeals, indicates that Bates, believing Jasper car dealer Claud Crump kept a large sum of money at his home, planned the robbery of Crump. Bates recruited Steve McCullars, Doris Long, and Lori Culpepper to commit the robbery, instructed them on how to commit the robbery, and provided them with a loaded pistol, a rental car, and duct tape to be used in tying up Crump. The would-be robbers were unable to open Crump's homemade safe. While they were in Crump's house, however, Crump died of asphyxiation due to the fact that a tape gag had been tightly placed over his mouth.
McCullars and Culpepper testified against Bates at trial. The Court of Criminal Appeals found that their testimony, as accomplices, was sufficiently corroborated by the testimony of McCullars's wife Sandra and one Sherry Smith. Bates contends that Ms. Smith's testimony could not be used as corroboration under § 12-21-222, Code of 1975, because she, too, was an accomplice.
Section 12-21-222 provides that one cannot be convicted of a felony on the uncorroborated testimony of an accomplice. For the corroboration requirement of this section to apply, however, "it must clearly appear that the witness in question is an accomplice. Ross v. State, 74 Ala. 532 (1883); Lowery v.State, 38 Ala. App. 505, 88 So.2d 854 (1956)." Perry v. State,368 So.2d 305, 309 (Ala.Crim.App. 1978), reversed on othergrounds, 368 So.2d 310 (Ala. 1979). The defendant who alleges that a witness is an accomplice has the burden of so proving, unless the evidence presented by the prosecution shows without dispute that the witness is an accomplice. Jacks v. State,364 So.2d 397, 403 (Ala.Crim.App.), cert. denied, 364 So.2d 406
(Ala. 1978).
Ms. Smith's testimony was summarized as follows by the Court of Criminal Appeals:
 "Miss Sherry Smith, another state's witness, testified that she and appellant had a relationship for two years, ending when she was about 19. A month before the incident in this case, appellant told Miss Smith that he wanted her to go to Jasper and to Mr. Crump's house and knock on the door. He told the girl that Mr. Crump had thousands of dollars in his safe. A black man went to Jasper with Miss Smith and McCullars on this occasion. They saw a strange vehicle near Crump's home, cancelled the plan, and returned to appellant's service station. She testified that she had seen appellant only twice since that evening. One of the times was at a hot dog restaurant in Birmingham, where he asked her if anyone had mentioned `that Jasper thing,' to which she replied she heard that a 17-year-old girl had turned state's witness."
Bate's Rule 39 (k), A.R.A.P., motion did not present for our consideration any additional facts concerning Ms. Smith or her testimony. Consequently, our review is limited to the facts as recounted by the Court of Criminal Appeals. Rule 39 (k).
It has often been stated that "[t]he test for determining whether a witness is an accomplice is whether he or she could have been indicted and convicted for the offense charged, either as principal or accessory." Dial v. State,387 So.2d 879, 881 (Ala. 1980) (quoting Russell v. State, 365 So.2d 343
(Ala.Crim.App. 1978)); Jacks, supra, 364 So.2d at 401; White v.State, 352 So.2d 29, 31 (Ala.Crim.App. 1977). Bates was charged with felony-murder under § 13A-6-2 (a)(3). Intent to commit the *Page 7 
underlying felony is a requisite element of this offense. As stated in 2 C. Torcia, Wharton's Criminal Law, § 145 at 204 (14th ed. 1979):
 "In the typical case of felony-murder, there is no malice in `fact', express or implied; the malice is implied by the `law'. What is involved is an intended
felony and an unintended homicide. The malice which plays a part in the commission of the felony is transferred by the law to the homicide. As a result of the fictional transfer, the homicide is deemed committed with malice; and a homicide with malice is common law murder."
(Emphasis added.)
In Jacks, supra, 364 So.2d at 402, we find the following language:
 "[W]hen intent is one of the required constituent elements [of a crime], the co-conspirator, or accomplice, to authorize his conviction, must himself have entertained the intent, or must have known that the actor, whom he was encouraging, aiding, or abetting, entertained it. Without this individual intent, or personal knowledge, it can not be affirmed that he aided or abetted in the crime charged. . . ." (Quoting Tanner v. State, 92 Ala. 1, 7, 9 So. 613, 615 (1890).)
Applying these principles, we find as a matter of law that Ms. Smith was not an accomplice. In order for her to be indicted and convicted of felony-murder, it must be clearly shown that she had the requisite intent to commit the underlying robbery or that she knew Bates intended to commit the robbery.
Robbery in any degree requires both the intent to deprive the victim of his property and the intent to overcome the victim's resistance or compel his acquiescence through the use or the threat of the use of force. See Code of 1975, §§ 13A-8-2, -41, -42, -43. The existence of this intent on the part of Smith simply cannot be deduced from the facts before this Court. These facts show only that she was in the vicinity of Crump's house a month before the instant crime occurred. The mere fact that a witness was present at the scene of a crime does not, in and of itself, make the witness an accomplice. Robinson v.State, 428 So.2d 167, 171 (Ala.Crim.App. 1982); Jacks, supra.
Nor does it appear from the facts that Smith knew of the intended robbery. While the facts that Bates directed Smith to knock on Crump's door and also told her that Crump kept thousands of dollars in his safe might raise some suspicion that she knew what was afoot, in the absence of other evidence, Smith could not be convicted of felony-murder. Cf. White v.State, 352 So.2d 29 (Ala.Crim.App. 1977) (witness who testified that "we were trying to find someone to rob," but stated that he parted company with his cohorts before the robbery actually took place could not, absent other evidence, be convicted of robbery).
This Court having found that Smith was not an accomplice, whose testimony would require corroboration, it follows that her testimony could properly be used to corroborate the testimony of accomplices McCullars and Culpepper. We agree with the Court of Criminal Appeals that the testimony of accomplices McCullars and Culpepper was adequately corroborated by the testimony of Sherry Smith and Sandra McCullars.
The judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur. *Page 8