McMILLAN, Judge.
" The appellant, Lawrence Williams, was found guilty of receiving stolen property in the second degree in the Circuit Court of Chambers County and was sentenced to twenty-five years’ imprisonment pursuant to the Alabama Habitual Offender Act. He filed a postjudgment motion for judgment of acquittal or, in the alternative, for new trial, which was denied.
The Lafayette Pawn Shop, co-owned by Linda Faye Pike Cagel, was apparently burglarized and several firearms were stolen, among them a .38 caliber Rossi pistol, which is the subject of this case. The pistol was recovered by the police from James Conley, the co-defendant named in the indictment. After interviewing Conley and Edward Wright, an arrest warrant for the appellant was issued. At trial, James Conley testified that the appellant came to his home, showed him the .38 Rossi pistol, and asked if he would take the pistol in pawn; whereupon Conley gave the appellant $4.00 for the gun and kept it until he gave it to the police. Conley further testified that the appellant led him to a location where a number of guns were wrapped in a blanket. They then approached Edward Wright and asked him for a ride to Auburn. Both Wright and Conley testified that they all drove to the location of the guns to retrieve them and then drove to Auburn to sell them. Upon their return from Auburn, the appellant paid Conley and Wright $5.00 each.
The appellant alleges that the State failed to sufficiently provide evidence to corroborate the testimony of James Conley, an accomplice, and to connect him with the .38 Rossi pistol which he was accused of having possessed. The State refutes this argument by challenging Conley’s classification as an accomplice. The determination of whether a witness is an accomplice may be a question of law or fact. The classic test of this issue is: “Could the witness have been indicted and convicted of the offense in question, either as a principal or as an accessory?” Bates v. State, 461 So.2d 1, 3 (Ala.Cr.App.1983), aff'd, Ex parte Bates, 461 So.2d 5 (Ala.1984); Lewis v. State, 414 So.2d 135, 138 (Ala.Cr.App.), cert. denied, Ex parte Lewis, 414 So.2d 140 (Ala.1982); Jacks v. State, 364 So.2d 397 (Ala.Cr.App.1978), cert. denied, 364 So.2d 406 (Ala.1978). James Conley was indicted along with the appellant for this offense and had been convicted and sentenced in a separate trial. Furthermore, the trial judge instructed the jury as follows: “I charge you that as a matter of law James W. Conley is an accomplice in this case, and you cannot consider his testimony unless you find that there is other evidence which corroborates his testimony.” No objections were raised thereto. “Where there is a doubt or dispute concerning the complicity of a witness and the testimony is susceptible to different inferences on that point, the question is for the jury.” Ex parte Bell, 475 So.2d 609, 611-12 (Ala.1985), cert. *597 denied, Bell v. Alabama, — U.S. -, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985). Further, a participant in a crime is not synonymous with an accomplice. Stevens v. State, 333 So.2d 852 (Ala.Cr.App.1975), cert. denied, 333 So.2d 855 (Ala.1976). “ ‘ “If a witness admits his participation with the defendant in the crime but seeks by his testimony to explain it and to show his innocent intent, it has been held that a question is presented for the jury.” 19 A.L.R.2d 1352, 1381 (1951).’ ” Ex parte Bell, supra, at 612, quoting Daniels v. State, 50 Ala.App. 88, 277 So.2d 364 (1973). However, James Conley entered a plea of guilty at his trial and there was no conflict in evidence concerning his complicity for the jury to determine.
Because James Conley was an accomplice, the question remains whether there was sufficient corroborative evidence to support his testimony. Aside from Conley’s testimony, the State’s case included testimony by Jimmy Pike, the co-owner of the pawn shop, Willie Washington, the investigating detective, and Edward Wright. Jimmy Pike testified that a number of firearms were missing and apparently had been stolen from the pawn shop; he listed those items. He presented no testimony to connect the appellant with the crime. Willie Washington testified that his investigation led him to James Conley, who had the .38 Rossi in his possession. He arrested Conley and, as a result of Conley’s statement, spoke to Edward Wright and had a warrant issued for the arrest of the appellant. Edward Wright testified that he had no knowledge of the .38 Rossi that Conley had bought from the appellant and which is the subject of this indictment. Further, his testimony concerning the guns that he observed in the blanket does not correspond to the description of the firearms which were stolen from the pawn shop.
“A conviction of a felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.” § 12-21-222, Code of Alabama (1975). “The means for analyzing the evidence to determine if there is sufficient evidence to corroborate testimony of an accomplice is to set aside the accomplice’s testimony and determine whether or not the remaining evidence tends to connect the defendant with the commission of the offense.” Leonard v. State, 459 So.2d 970, 971 (Ala.Cr.App.1984), citing Peoples v. State, 418 So.2d 935 (Ala.Cr.App.1982); Bates v. State, 461 So.2d 1 (Ala.Cr.App.1983), aff'd, Ex parte Bates, 461 So.2d 5 (Ala.1984). This corroboration must relate to a fact which tends to connect the accused with the offense and must be substantive and raise more than a suspicion of guilt. Miles v. State, 476 So.2d 1228, 1234 (Ala.Cr.App.1985); McCoy v. State, 397 So.2d 577 (Ala.Cr.App.), cert. denied, 397 So.2d 589 (Ala.1981).
“ ‘The tendency of the corroborative evidence to connect accused with the crime, or with the commission thereof, must be independent, and without the aid, of any testimony of the accomplice; the corroborative evidence may not depend for its weight and probative value on the testimony of the accomplice, and it is insufficient if it tends to connect accused with the offense only when given direction or interpreted by, and read in conjunction with, the testimony of the accomplice.’ 23 C.J.S. Criminal Law, Section 812(b) (1961).” Booker v. State, 477 So.2d 1388, 1390 (Ala.Cr.App.1985).”
In this case, the pertinent evidence is dependent on Conley’s testimony and, without it, fails to connect the appellant with the .38 Rossi; thus, it is not the kind of legal corroboration required by Alabama Code § 12-21-222 (1975). See Jackson v. State, 451 So.2d 435 (Ala.Cr.App.1984).
REVERSED AND REMANDED.
All the Judges concur.