[No. 11402.  Department One.  February 16, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v.
EDITH McCONAGHY, *Appellant*.[1]

ASSAULT AND BATTERY—SELF-DEFENSE—DUTY TO WITHDRAW. An aggressor in an affray cannot invoke the doctrine of self-defense unless she in good faith sought and endeavored to withdraw from and abandon the conflict.

CRIMINAL LAW—APPEAL—HARMLESS ERROR—INSTRUCTIONS. It is proper to refuse to instruct that it is not incumbent upon one assaulted upon her own premises to retreat before availing herself of the right of self-defense, where it appears that she was not assaulted upon her own premises; especially in view of other full and correct instructions touching her right of self-defense.

ASSAULT AND BATTERY—INSTRUCTIONS—DEGREES OF ASSAULT—EVIDENCE. Under Rem. & Bal. Code, §§ 2413, 2414, and 2415, defining assault in the first and second degrees as assaults with intent to kill, or to willfully inflict grevious bodily harm with a weapon likely to produce bodily harm, and in the third degree as an assault not amounting to the first and second degrees, upon a prosecution for first degree assault, an accused who admits that she shot at a person with intent to hit him, is not entitled to an instruction upon the subject of third degree assault, as there was no evidence to warrant it.

[1]Reported in 146 Pac. 396.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 16, 1914, upon a trial and conviction of assault in the second degree. Affirmed.

*William R. Bell* (*Homer E. Turner*, of counsel), for appellant.

*John F. Murphy* and *S. H. Steele*, for respondent.

PARKER, J.—The defendant, Edith McConaghy, was charged by information in the superior court for King county with the crime of assault in the first degree, in that she assaulted J. E. Matlack with a revolver and shot him with intent to kill him. The trial resulted in a verdict of guilty of assault in the second degree against her, upon which the court adjudged that she be fined in the sum of $700 and costs, and stand committed to the county jail until both fine and costs are paid. From this judgment, she has appealed.

For some time prior to this quarrel, there had been differences and quarrels between Matlack and appellant's husband, in which she apparently participated in some degree. Matlack and his wife lived but a short distance from the McConaghy's, their dwellings being approximately one hundred feet apart. Matlack's house is but a few feet from an alley, which is sixteen feet wide. Directly opposite Matlack's house and adjoining the alley is a barn used by Matlack in which he keeps his horses. Approximately between Matlack's house and the barn is where this quarrel and shooting occurred. If any of it occurred off the alley, it was upon or very near Matlack's premises. None of it occurred on appellant's premises nor within some considerable distance thereof.

During the afternoon just prior to the affray, McConaghy, returning home, went directly into the alley between Matlack's house and the barn, where an altercation commenced between them about a dog fight which had evidently occurred near there during the day, McConaghy accusing Matlack

with encouraging the dogs to fight. McConaghy's interest in the dog fight was evidently because of his ownership of one of the dogs. This altercation consisted only of words, and possibly of some threats on the part of Matlack, and was heard by appellant who was then in her own house. She then took and concealed under her apron, or in her apron pocket, a revolver and went to her husband's defense, as she claims, when the altercation shifted and became one between her and Matlack. There is evidence tending to show violent and threatening language used by each towards the other, as well as overt acts of each towards the other indicating an intended assault. As to who was the aggressor, however, we are quite clear, in the light of the evidence, was a question for the jury to decide. · The affray ended by the appellant shooting Matlack, the bullet entering his groin and passing nearly through his body just over the pelvic organs. Appellant seeks to justify the shooting on the ground of self-defense.

It is contended by counsel for appellant that the evidence is not sufficient to justify the verdict and judgment. We have carefully reviewed the evidence as found in the record and conclude it is ample to support the jury's conclusion that appellant is guilty of assault in the second degree. We deem it unnecessary to analyze the evidence in detail here. Indeed, we are unable to see how we could disturb the verdict upon this ground had it been for assault in the first degree, in view of the evidence tending to show appellant's intent. The jury evidently concluded, however, that appellant shot Matlack only with intent to inflict bodily harm upon him and not with intent to kill him.

It is further contended in appellant's behalf that the trial court erred in giving the jury the following instruction:

"An accused person who is an aggressor in an affray, or by acts or words provokes or brings on an affray, cannot invoke the doctrine of self-defense or be justified in shooting to prevent injury, unless before such shooting, such ag-

gressor in good faith sought and endeavored to withdraw from and abandon the conflict."

Counsel do not seriously contend that this is an erroneous statement of the law, but that there is no evidence sufficient to warrant the jury in concluding that appellant was the assailant, and that, therefore, the giving of the instruction was error prejudicial to appellant. We think it clear, however, that there was ample evidence to warrant the jury in concluding that appellant was the aggressor in the affray. That this instruction constitutes a fair statement of the law seems clear from the authorities: 21 Cyc. 805, 811; 1 Bishop, New Criminal Law, §§ 844, 847 and 870; *Beard v. United States*, 158 U. S. 550. In this connection counsel for appellant requested the court to give the jury the following instruction:

"It is not incumbent upon one assaulted upon her own premises to retreat or consider whether a retreat can be safely made before availing herself of the right of self-defense, where she has reasonable grounds to believe and does in good faith believe that her assailant intends to take her life or do her great bodily harm."

The refusal to give this instruction is also claimed to be error; but it is plain that this instruction had no application to the case because it is undisputed that neither the appellant nor her husband were upon their own premises at the time of the affray. Indeed, they were at some considerable distance therefrom in the alley between Matlack's house and the barn where he keeps his horses and within a very few feet from Matlack's premises. Counsel's theory seems to be that the above quoted instruction which was given by the court to the jury is only applicable to the prosecution's theory of the facts in setting a limit to appellant's right to stand her ground and not endeavor to withdraw, and that having given that instruction the court should, in any event, have given to the jury an instruction upon the same subject in terms applicable to appellant's claim of her right to stand her

ground and not endeavor to withdraw; so that the jury would have before it not only the law as it restricted her right of self-defense in that regard, but also the law applicable to the facts entitling her to stand her ground and not withdraw.

It is difficult for us to see that appellant's requests for instructions were such as to entitle her to now complain upon this ground; but however that may be, while the above quoted instruction given by the court is applicable to the state's theory that the appellant was the aggressor, it also must have conveyed to the minds of the jury the thought that she was not required to withdraw unless she was in fact the aggressor; especially in the light of other instructions given by the court to the jury touching her right of self-defense. These instructions were full and very favorable to the appellant touching her right to defend both herself and her husband; her right to act upon reasonable apprehension of danger to either, whether the danger be real or only apparent; and her right to resist to such extent as seemed to her at the time reasonably necessary to the protection of herself and husband against any threatened assault on the part of Matlack.

It is further contended by counsel for appellant that the trial court erred in refusing to give requested instructions submitting to the jury the question of appellant's guilt of assault in the third degree. Referring to Rem. & Bal. Code, §§ 2413, 2414, and 2415 (P. C. 135 §§ 321, 323, 325), we find that to constitute assault in the first degree it must be committed "with intent to kill a human being, or to commit a felony," and that to constitute assault in the second degree the assailant must "willfully inflict grievous bodily harm upon another with or without a weapon," or "willfully assault another with a weapon or other instrument or thing likely to produce bodily harm," in so far as such elements of assault in the first or second degrees have any application to the facts of this case; and that assaults in the third de-

gree are such as do not amount to assault in either the first or the second degrees. Appellant, by her own testimony, clearly admits that she shot at Matlack with intent to hit and injure him. She was questioned, and answered upon cross-examination as follows:

"Q. When you fired that shot at Matlack where did you aim to hit him? A. I did not have no particular place to hit him because I aimed to stop him. Q. You just fired to hit him? A. Yes, sir."

This, it seems to us, precludes the possibility of appellant being guilty of any other offense than that of assault in either the first or second degree. As to which of these she was guilty of, it seems plain was determinable by her intent. Assuming that she was not justified in the shooting, as the jury found, if she intended to kill Matlack she would be guilty of assault in the first degree, while if her intent was only to inflict upon him bodily injury by shooting him, a revolver being an instrument likely to produce bodily harm, she would be guilty of assault in the second degree. We see no room for argument that any other verdict than one of these two, or a verdict of not guilty, could be rendered against appellant. This conclusion finds support in our decisions in *State v. McPhail*, 39 Wash. 199, 81 Pac. 683; *State v. Kruger*, 60 Wash. 542, 111 Pac. 769; and *State v. Harsted*, 66 Wash. 158, 119 Pac. 24.

Other claims of error we think are without merit and do not call for discussion. The judgment is affirmed.

MORRIS, C. J., MOUNT, HOLCOMB, and CHADWICK, JJ., concur.