[No. 36529. Department One. April 18, 1963.]

THE STATE OF WASHINGTON, *Respondent*, v. ARCHIE LORAN *et al.*, *Defendants*, STEVEN LYNCH, *Appellant*.*

*Henry Opendack*, for appellant.

*Charles O. Carroll* and *Robert W. Thomas*, for respondent.

ROSELLINI, J.—The appellant was convicted of illegal possession of narcotic drugs and now prosecutes this appeal, contending only that exhibits introduced in evidence against him were obtained by means of an unlawful search and seizure.

According to the undisputed evidence, at about noon on October 10, 1961, a police officer was detailed to the area of 30th Avenue and East Pike Street, in Seattle, to investigate a reported morals offense. The offender was described as wearing a light-colored coat and a dark hat, being tall and slender and of light complexion. The officer observed a person of that description, in company with another man, alight from a taxicab at the corner of Empire Way and East Union, about two blocks away from the scene of the reported offense. The appellant was carrying a small brown paper sack. The two walked up East Union toward 30th and

* Reported in 380 P. (2d) 733.

turned north toward East Pike. The officer drove north on Empire Way and turned east on East Pike, where he observed the two men coming around the corner of East Pike and 30th.

While he was watching the men approaching him, he saw the other man, one Archie Loran, bend over in front of the appellant as if to tie his shoe, while the appellant tossed the paper sack onto the lawn of the house at the corner. The two men then proceeded on in the officer's direction, and he went to meet them. He asked for identification, and when they asked why, he told them he was investigating a morals offense in the neighborhood. After they showed their identifications, he asked them to accompany him to the house of the complainant at the corner of East Pike and 30th, and they started up the street together.

When they reached the place where the paper sack had been tossed, the officer picked it up off the grass and asked the appellant if he had forgotten it. The appellant denied that the sack belonged to him. The officer then opened the sack and saw that it contained narcotic drugs. Thereupon, he placed the appellant under arrest.

The theory of the appellant is that, when the officer stopped him, took his identification and did not return it, and asked him to accompany him up the hill, he placed him under arrest; this was not a lawful arrest because it was for a misdemeanor not committed in the officer's presence; the examination of the paper sack was made incident to this arrest, and therefore it was an unlawful search and seizure and its fruits were not admissible in evidence.

We do not think that the appellant has standing to claim the constitutional protection from unreasonable searches and seizures in this instance. The evidence seized was not on his person, nor was it in or on property belonging to him; and it was not taken from premises legitimately occupied by him. On the contrary, it was lying, in plain view, on premises belonging to a stranger.

In the case of *State v. Michaels,* 60 Wn. (2d) 638, 374 P. (2d) 989, we held, following *Jones v. United States*, 362 U. S. 257, 4 L. Ed. (2d) 697, 80 S. Ct. 725, 78 A.L.R. (2d)

233, that a defendant has standing to claim the constitutional protection from unreasonable searches and seizures if he was legitimately on premises where a search occurred and if the fruits of the search are proposed to be used against him. But we also recognized the corollary of this rule, that the constitution affords no such protection to one who, by virtue of his wrongful presence, cannot invoke the privacy of the premises searched.

In this case, the appellant was not on the premises and if he had been, he would have been a trespasser. His contention that the evidence was wrongfully obtained is therefore without merit.

The judgment is affirmed.

OTT, C. J., HILL, and HALE, JJ., and RYAN, J. Pro Tem., concur.