[No. 39706.    Department One.    July 18, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. WESTRON C. CURRIE, *Appellant*.*

*William F. Lockett,* for appellant.

*Charles O. Carroll* and *Herbert L. Onstad,* for respondent.

WILLIAMS, J.†—Defendant was tried and convicted by a jury of the crime of second degree assault. From the judgment and sentence entered thereon he appeals and assigns as error the refusal of the trial court to give his requested instruction on self-defense.

Girtha L. Currie, defendant's ex-wife with whom he was living at the time of the offense in question, while returning home from work experienced trouble with her car. She called her friend, Mrs. Huston, for assistance but Mrs. Huston being in the process of cooking dinner sent her husband to pick Mrs. Currie up and take her to a service station where she could get help.

Defendant at the time was driving his pickup truck in the vicinity of 25th and Howell Streets in Seattle and saw

*Reported in 443 P.2d 808.

†Judge Williams is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

his ex-wife riding in a car with Mr. Huston. He followed them for several blocks, then overtook the Huston vehicle and forced it to stop. Defendant got out and proceeded around the front of his truck toward the Huston car for the alleged purpose of talking to his ex-wife. He contends that at the time he approached the Huston vehicle, Mr. Huston raised his hand revealing a gun. Defendant immediately fired a shot through the side window at Mr. Huston and three more through the windshield at his ex-wife. Miraculously no one was hit, although Mr. Huston's arm was cut by flying glass.

Defendant testified that he was unaware that he had a gun in his hand when he got out of his truck, and that he started shooting because he saw what he thought was a gun in Mr. Huston's hand. The only evidence in the case that Mr. Huston had a gun was the defendant's testimony. This was also the only evidence bearing on the issue of self-defense.

In a prosecution for assault it is not improper to refuse an instruction on self-defense where there is nothing to justify a reasonable inference that the defendant acted in legitimate self-defense. *Turner v. Commonwealth,* 267 Ky. 74, 101 S.W.2d 214 (1937); 6 Am. Jur. 2d *Assault and Battery* § 69 (1963). *Cf. State v. Marten,* 73 Wn.2d 898, 441 P.2d 520 (1968); *State v. Biondic,* 47 Wn.2d 593, 288 P.2d 845 (1955).

The undisputed evidence clearly establishes that the defendant was the aggressor and precipitated the incident in question. There was no evidence that Mr. Huston, if he ever had a gun, pointed it at defendant or threatened him with it in any way as to cause him to be in fear of bodily harm or of his own safety. The windows of Mr. Huston's car were rolled up at all times and he never opened, or attempted to open, the doors.

Even if the situation, as seen by the defendant, had caused him any fear, and the evidence does not so indicate, the doctrine of self-defense would not be available to him. Since he precipitated the situation he would have been

obligated to retreat or abandon the encounter. *State v. McConaghy,* 84 Wash. 168, 170, 146 Pac. 396 (1915). *Cf. State v. Wilson,* 26 Wn.2d 468, 174 P.2d 553 (1946).

In the *McConaghy* case the court approved the following instruction:

> "An accused person who is an aggressor in an affray, or by acts or words provokes or brings on an affray, cannot invoke the doctrine of self-defense or be justified in shooting to prevent injury, unless before such shooting, such aggressor in good faith sought and endeavored to withdraw from and abandon the conflict."

We find this language applicable in this case. There is no evidence that the defendant ever attempted to retreat or abandon the conflict.

Finally, defendant's contention that he fired his gun in self-defense is inconsistent with his testimony that he was not aware that he had a gun in his hand. The record does not demonstrate such evidence as would entitle defendant to an instruction on self-defense.

The judgment is affirmed.

FINLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.