[No. 72-40617-1.  Division One.  October 27, 1969.]
Panel 2

THE STATE OF WASHINGTON, *Respondent*, v. WALTER CAMPBELL RUMMELHOFF, *Appellant*.

*Marie Moreau Donohoe,* for appellant.

*Charles O. Carroll, Prosecuting Attorney,* and *Barbara Durham, Deputy,* for respondent.

STAFFORD, J.—This is an appeal from a judgment of the trial court which found defendant Walter Rummelhoff guilty of assault in the second degree.

A lengthy recitation of the facts is not necessary. The defendant failed to assign error to the findings of fact, thus we must accept them as the established facts in this case. CAROA 43.

The victim, a cabdriver, drove defendant to a restaurant during the evening. He was asked to wait outside. The defendant emerged a short time later and walked away from the cab without paying. The victim followed him a short distance on foot, tapped him on the shoulder and said, "Hey, where are you going? You are going the wrong way; come back to the cab." At that point the defendant whirled, stabbed the victim, and said, "You've had it now, . . ." and walked away.

■ The defendant does not deny the stabbing. He argues that he had twice been assaulted on the streets, was justifiably apprehensive, and thus had a right to act in the belief that he was defending himself. This contention has been answered in *State v. Hill,* 76 W.D.2d 728, 458 P.2d 171 (1969), at 736:

> Appellant urges that it was error to instruct the jury that the amount of force that may be lawfully used in self-defense is to be measured by what a reasonably prudent man would have done under the existing circumstances. Although he submitted no proposed instruction on the subject, he criticizes the instruction given because it did not make him the sole judge as to existence of the peril of great bodily harm confronting him and the amount of force necessary to protect himself against it.
>
> *If we were to agree with appellant's position, there would be no limit to the amount of force which a person could use in defending himself against such alleged peril.*

(Italics ours.)

One's right to resist force with force is dependent upon what a reasonably cautious and prudent man would have done under the conditions then existing. *State v. Miller,* 141 Wash. 104, 250 P. 645 (1926). Under the facts of this case the defendant did not meet the test.

■ The defendant asserts the trial court erred by refusing to recognize that he was the victim, rather than the

original aggressor. The trial court chose to believe the testimony of the victim. There was substantial evidence, based upon conflicting testimony, to support the trial court's determination. We will not substitute our judgment. *State v. Nesrallah,* 66 Wn.2d 248, 401 P.2d 968 (1965), *State v. Bell,* 59 Wn.2d 338, 368 P.2d 177 (1962).

■ The trial court's refusal to accept defendant's theory of self-defense was entirely correct. One who initially is an aggressor cannot invoke the doctrine of self-defense until he, in good faith, endeavors to withdraw from and abandon the conflict. *State v. Currie,* 74 Wn.2d 197, 443 P.2d 808 (1968). There was no evidence that Mr. Rummelhoff ever sought to avoid or withdraw from the conflict.

The judgment is affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.

---

Petition for rehearing denied November 25, 1969.