[No. 627-2. Division Two. February 20, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. GUY GILBERT DUNNING, *Appellant*.

Gordon L. Walgren (of *Walgren, Sexton & Kamps*), for appellant.

*Ronald L. Hendry, Prosecuting Attorney,* and *Joseph D. Mladinov, Special Counsel,* for respondent.

ARMSTRONG, J.—Guy Gilbert Dunning was tried for the crime of second-degree assault. He presented a defense of self-defense, but the jury found him guilty of the crime as charged and made a special finding that he was armed with a deadly weapon at the time of commission of the offense.

The defendant appealed and raises the issue of whether the self-defense instruction properly instructed the jury on the amount of force which may be used to defend one's self. We hold that the instruction was improper and accordingly grant a new trial.

The evidence adduced at trial showed that the defendant had been in Ocean Shores on the evening of March 15, 1971. He had had a few drinks and drove home, arriving at his apartment in Tacoma around 2 a.m. on March 16. The defendant was unable to park his car in one of the stalls provided for the tenants, so he double-parked and went inside his apartment. He telephoned his landlady, Mrs. Sally Hagen, to inform her of the unavailability of a stall. She became irate and hung up on the defendant. He promptly called back and Richard Hagen answered the telephone. Heated words were exchanged and Hagen stated that he was "coming over" or words to that effect.

Minutes later, Hagen knocked on defendant's door. Dunning opened the door and just who struck the first blow, Hagen with a fist or Dunning with a letter opener or knife, is disputed. The defendant's theory is that Hagen struck the first blow and, fearful that a second blow was coming, the defendant grabbed a letter opener, the nearest weapon, and stabbed Hagen in self-defense.

The evidence was undisputed that at the time of trial the defendant was 62 years old and had been in poor physical condition. The victim, however, was 6 feet, 2 inches tall, weighed 212 pounds, and his age was about 35 years. Dun-

ning testified that at the time the alleged assault occurred he feared that a second blow, possibly to his stomach, would be fatal, as he had only recently been hospitalized for a series of serious abdominal operations.

The trial court gave several instructions to the jury covering the theory of self-defense. Two[1] of them, 11 and 14, were defective. Because both instructions were erroneous for the same reason, we set out verbatim instruction 14 only:

> The kind and degree of force which a person may lawfully use in self-defense is limited by what a reasonable person in the same situation as such person, seeing what he sees and knowing what he knows, then would believe to be necessary. Any use of force beyond that is regarded by law as excessive. Although a person may believe that he is acting, and may act, in self-defense, he is not justified in using a degree of force clearly in excess of that apparently and reasonably necessary under the existing facts and circumstances.

The first two sentences of instruction 14 correctly state the amount of force a person may lawfully use in self-defense. The last sentence is incorrect and renders the instruction confusing. Although a person is not entitled to use all the force which he believes necessary to repel an attack, he may use that degree of force necessary to protect himself which a reasonably prudent man would have used *under the conditions appearing to him at that time. State v. Miller*, 141 Wash. 104, 250 P. 645 (1926); State v. Tyree, 143 Wash. 313, 255 P. 382 (1927); *State v. Hill*, 76 Wn.2d 557, 458 P.2d 171 (1969).[2] To instruct that the defendant is not

---

[1]Instruction 12 was also defective, but the error is not properly before this court. The instruction required the defendant to prove by a preponderance of the evidence that the assault was committed in self-defense. In this state a defendant is required only to raise a reasonable doubt. *State v. Alexander*, 7 Wn. App. 329, 499 P.2d 263 (1972); *State v. Turpin*, 158 Wash. 103, 290 P. 824 (1930).

[2]The state relies on *State v. Rummelhoff*, 1 Wn. App. 192, 193, 459 P.2d 976 (1969), which states: "One's right to resist force with force is dependent upon what a reasonably cautious and prudent man would have done *under the conditions then existing. State v. Miller*, 141 Wash.

justified in using a degree of force clearly in excess of that apparently and reasonably necessary *under the existing facts and circumstances* places an emphasis upon what the jury finds to be the facts *as they actually were* and applies a standard of reasonableness to those facts. This is not and has never been the rule in Washington. The same erroneous phrase was used in instruction 11.

■ When the record discloses an error in an instruction given on behalf of the party in whose favor the verdict was returned, the error is presumed to be prejudicial and requires a reversal unless it affirmatively appears that the error was harmless. *State v. Odom*, 8 Wn. App. 180, 504 P.2d 1186 (1973). We have searched the record and can find no affirmative appearance of harmless error. Thus, the error was prejudicial.

Judgment reversed and a new trial granted.

PEARSON, C.J., and PETRIE, J., concur.

---

104, 250 P. 645 (1926)." (Italics ours.) This language is taken directly from *State v. Miller, supra,* but omits the qualifying statement immediately following it at page 105:

> If the appellants, at the time of the alleged assault upon them, as reasonably and ordinarily cautious and prudent men, honestly believed that they were in danger of great bodily harm, they would have the right to resort to self defense, and their conduct is to be judged by the condition appearing to them at the time, not by the condition as it might appear to the jury in the light of testimony before it.

Our resolution of the dispute over the instructions used in the case at bench is an illustration that language quoted from an appellate court opinion does not necessarily make a proper jury instruction. *Turner v. Tacoma*, 72 Wn.2d 1029, 435 P.2d 927 (1967). That which is understandable to lawyers may be entirely confusing to the average juror.