[Nos. 1422-2; 1504-2;    Division Two.    July 25, 1975.]
1515-2.

THE STATE OF WASHINGTON, *Respondent*, v. DAVID CLIFFORD COWLES, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. GARY LOGAN McGILTON, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. VALERIE ANN STEVENS, *Appellant*.

*Thomas H. Oldfield, Mann, Copeland, King, Anderson, Bingham & Scraggin,* and *Richard T. Vlosich,* for appellants.

*Donald F. Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Special Counsel,* for respondent.

PETRIE, J.—David Cowles, Gary McGilton, and Valerie Stevens were each convicted of the separately charged crimes of unlawful possession of a controlled substance (marijuana) with intent to deliver in violation of RCW 69.50.401(a)(1) and unlawful possession of a controlled substance (marijuana) in violation of RCW 69.50.401(c).[1] Their appeals assert that the trial court erred by its (1) denial of their motions in arrest of judgment, (2) failure to suppress evidence seized by the Tacoma police during a search of defendant Cowles' home, and (3) failure to grant a mistrial because the prosecution improperly displayed the contraband evidence to the jury. Additionally, Cowles assigns error to the court's order directing him to testify as to his intent regarding the marijuana and to the court's re-

---

[1]RCW 69.50.401 provides:

(a) Except as authorized by this chapter, *it is unlawful* for any person *to* manufacture, deliver, or *possess with intent to* manufacture or *deliver,* a controlled substance.

(1) Any person who *violates* this subsection *with respect to:*

(i) a controlled substance classified in Schedule I or II which is a narcotic drug, is guilty of a crime and upon conviction may be imprisoned for not more than ten years, or fined not more than twenty-five thousand dollars, or both;

(ii) *any other controlled substance classified in Schedule I,* II, or III, is guilty of a crime and upon conviction *may be imprisoned for not more than five years,* fined not more than ten thousand dollars, or both;

. . .

(c) *It is unlawful* for any person *to possess a controlled substance* unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter. *Any person who violates* this subsection is guilty of a crime, and upon conviction *may be imprisoned for not more than*

fusal to order a presentence report for him; McGilton assigns error to the court's denial of his motion to disclose an informant's identity and to its refusal to present to the jury his proposed instruction on constructive possession.

We turn first to the salient facts. On February 1, 1974, acting on a tip from an informant, the Tacoma police obtained a warrant to search a specific house in Tacoma. When the officers arrived at the residence all three defendants appeared to be leaving the premises. When the police identified themselves the defendants reentered the house and locked the door. Nevertheless, the police entered, and the search resulted in the seizure of approximately 75 pounds of marijuana. Most of it was found in the kitchen of the house in two large boxes. Additional amounts were found in other parts of the house, including some contained in a bag with McGilton's name on it. A small bag was found in Cowles' left front coat pocket.

Cowles was the only defendant who testified. He testified that he lived at the premises identified in the search warrant. He attempted to exculpate the other two defendants by declaring that they did not live with him, had no dominion or control over the marijuana, and had only stopped by the house a short time before the search. He also testified that he had accepted a job in Ohio and was planning to leave "within a few days" when the house was raided. On cross-examination, the prosecution asked Mr. Cowles what his intent had been with regard to the marijuana. He attempted to assert his Fifth Amendment right, but the court instructed him to answer. He then stated that he planned to sell the marijuana.

During the morning of the second day of the trial, the two large boxes of marijuana, which had been introduced

---

*five years*, fined not more than ten thousand dollars, or both, except as provided for in subsection (d) of this section.

    (d) *Except as provided for in subsection* (*a*) (*1*) (*ii*) of this section any person found guilty of *possession of forty grams or less of marijuana shall be guilty of a misdemeanor.*

(Italics ours.) Marijuana is specifically enumerated within Schedule I. RCW 69.50.204 (d) (10).

as evidence, were placed in a grocery shopping cart and positioned directly in front of the jury. The defendants immediately moved for a mistrial, but the motion was denied.

Following their convictions, all three moved unsuccessfully to arrest judgment as to the possession count on the theory that the crime of unlawful possession of a controlled substance is a lesser offense included within the crime of unlawful possession of a controlled substance with intent to deliver. We review that issue first.

■ The crime of unlawful possession of marijuana with intent to deliver is a felony under RCW 69.50.401(a)(1)(ii). The crime of unlawful possession of marijuana under RCW 69.50.401(c) is a felony "except as provided for in subsection (d) of this section." Subsection (d) provides:

> Except as provided for in subsection (a)(1)(ii) of this section any person found guilty of possession of forty grams or less of marihuana shall be guilty of a misdemeanor.

Thus, with regard to possession of marijuana, the legislative intent is that (a) possession with intent to deliver (or manufacture) constitutes a felony, (b) mere possession of more than 40 grams constitutes a felony, and (c) mere possession of 40 grams or less constitutes a misdemeanor.[2]

These defendants were charged in count 1 with possession with intent to deliver, and in count 2 with simple possession in that they did "unlawfully and *feloniously* possess a controlled substance, to-wit: Marihuana (Cannabis)." (Italics ours.) Thus, under the statutory scheme, possession by each defendant of more than 40 grams of marijuana became an essential element of proof under count 2—an element not required under count 1. However, as to count 2, the jury was told that the elements of the crime were simple possession of marijuana by each of the

---

[2] In this regard, the Washington statute differs from the Uniform Controlled Substances Act in which mere possession without any intent to deliver or manufacture a controlled substance is a misdemeanor only. The variance from the uniform act is deliberate. *See* 1971 Senate Journal 538, 539.

defendants in Pierce County on February 1, 1974. Thus, by that instruction, possession of more than 40 grams of marijuana was removed as an element of the crime. Accordingly, under the statutory scheme, count 2 was, in effect, amended to charge only a misdemeanor. Each defendant was found guilty of both counts.

Cowles was sentenced to confinement in a correctional facility under the supervision of the Department of Social and Health Services for a period of not more than 10 years. Although the judgment and sentence does not specifically so state, it would appear that a sentence of 5 years was imposed by reason of the guilty verdict on count 1 and an additional 5 years was imposed because of the verdict on count 2, both terms being ordered to run consecutively. Cowles contends, of course, that the maximum sentence should only have been 5 years because count 2 constituted a lesser offense included within count 1. We agree. Under the instructions submitted to the jury, the only difference between the two counts is that count 1 required the jury to find the additional element of an intent to deliver the contraband substance. Count 2 was clearly a lesser included offense. Accordingly, count 2 must be dismissed and Mr. Cowles must be resentenced under count 1 only.

Sentencing of McGilton and Stevens was deferred for a period of 5 years under count 1, with certain specified conditions of probation. There is no indication that the trial court ever acted upon the jury's verdict of guilty as to count 2 with regard to either McGilton or Stevens. There is no need, therefore, to amend the order placing them on probation.

The defendants next challenge the validity of the search warrant on two grounds. First, they contend that the affidavit upon which the warrant was issued does not set forth a sufficient factual basis to support a finding of probable cause. Second, the defendants contend that because the warrant authorized seizure of "controlled substances," it did not describe the items to be seized with particularity. We disagree with both contentions.

The affidavit supporting issuance of the warrant states in part:

> *Within the past 72 hours a reliable and confidential informant has observed within the above residence narcotics, and specifically marijuana.* The informant knows the resident to be a person by the nickname of "Doc" and has been in subsequent contact with "Doc" *who stated he would be in possession in excess of forty pounds of marijuana this date, Feb. 1, 1974.* The informant is reliable in that he/she has furnished the Narcotics Detail with information on at least four prior occasions which has proven to be true and correct. The information supplied by informant has led to seizures of large quantities of narcotics and has further led to the arrest of major drug dealers in the Tacoma area. The informant is familiar with narcotics and their packaging characteristics and it can be said that the informant is familiar with the drug scene, in general.

(Italics ours.) The affidavit provides a substantial basis for crediting the reliability of the factual information and the reliability of the informant. It recited facts sufficient to establish probable cause for issuance of the search warrant. *State v. Patterson*, 83 Wn.2d 49, 515 P.2d 496 (1973); *State v. Chatmon*, 9 Wn. App. 741, 515 P.2d 530 (1973).

The affidavit stated that the "informant has observed . . . narcotics, and specifically marijuana." Because both narcotics and marijuana were observed by the informant, the police sought to search for "controlled substances." This description was reasonable and practical under the circumstances and thus satisfied the constitutional requirement of "particularity." *State v. Withers*, 8 Wn. App. 123, 504 P.2d 1151 (1972).

Next, we hold the court committed no error by denying the defendants' motion for mistrial. The display of the marijuana in a shopping cart was entirely proper. All the marijuana was admitted into evidence. It was quite appropriate to present it to the jury. The use of the shopping cart as an overall container did not prejudice the defendants, and any prosecutorial reference to the nature of the cart would not

have substantially influenced the mind of the average juror to the defendants' detriment.

We turn now to Cowles' specific assignments of error. When a defendant takes the witness stand, he waives his constitutional right against self-incrimination as to all matters concerning which cross-examination is proper. *State v. Robideau,* 70 Wn.2d 994, 425 P.2d 880 (1967). Here, Cowles admitted that he was going to move to Ohio after February 1, 1974, and planned to take all of his personal possessions with him. He also testified that the other two defendants did not have any dominion or control over the marijuana. What, then, did he intend to do with the marijuana? Did he plan to take the 75 pounds of marijuana with him to Ohio or dispose of it before he left? Cowles' intent was most certainly a topic to be explored by the prosecution during cross-examination.

Next, Cowles assigns error to the court's failure to order a presentence report prior to imposing sentence upon him. By written opinion the court indicated that the report would be of no practical use and assigned reasons therefor. Thus, in declining to order a presentence report, the court properly exercised its discretionary latitude under CrR 7.2(a)(5). *Cf. State v. Langford,* 12 Wn. App. 228, 529 P.2d 839 (1974).

We consider only briefly Mr. McGilton's two assignments of error. His proposed instruction on constructive possession provided:

> The *ownership* of drugs *must* be considered on the issue of constructive possession of those drugs, since dominion and control can accompany, or flow from, ownership.

(Italics ours.) Language used in the instruction is found in *State v. Callahan,* 77 Wn.2d 27, 31, 459 P.2d 400 (1969). However, the mere fact that the proposed instruction was developed from language used in an opinion of an appellate court does not mean that the same language provides the basis for an appropriate jury instruction. *State v. Alexander,* 7 Wn. App. 329, 499 P.2d 263 (1972).

Neither defendant excepted to the trial court's instruction defining possession as follows:

Possession means simply the owning or having a thing in one's power. It may be either actual or constructive. Actual possession exists when the property is in the personal custody of the person charged with possession. Constructive possession exists when there is possession, dominion and control of the property or the premises on which the property was found.

Where there is a right to the immediate actual possession of the property, such possession is designated as "possession in law." One may have possession of property without having it actually on his person. More than one person may possess property as that term is defined for you in these instructions.

The unlawful possession of marijuana may therefore be either an actual or constructive possession.

The instruction given may not provide the most articulate definition of "possession," but McGilton was granted the opportunity to argue effectively that he was not in possession of the marijuana, either actually or constructively. Adding the vague admonition that ownership *must* be considered on the issue of constructive possession would have tended to confuse rather than clarify the issue for the jury.

Finally, in seeking the disclosure of the informant's identity, the burden was upon McGilton to establish that circumstances existed to justify an exception to the prosecution's privilege of nondisclosure. *State v. White*, 10 Wn. App. 273, 518 P.2d 245 (1973). We do not have the record of the omnibus hearing at which the issue was decided; neither do we find anything in the record before us to indicate what was presented to the court. Therefore, we have no basis for evaluating this assignment of error.

Judgment affirmed as to defendants McGilton and Stevens. Cowles must be resentenced pursuant to this opinion.

ARMSTRONG, C.J., and PEARSON, J., concur.

Petition for rehearing denied September 9, 1975.

Review denied by Supreme Court November 12, 1975.