[No. 1725-2.    Division Two.    September 13, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. STEVEN NELSON BIGGS, *Appellant*.

*Carl D. Teitge,* for appellant.

*Donald Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Special Counsel,* for respondent.

REED, J.—Steven Nelson Biggs appeals his conviction on three counts of possession of controlled substances seized from his coat. He challenges the admission of the drugs into evidence and the court's instruction on possession. We affirm.

At 10 p.m. on February 1, 1974, at a South Tacoma residence, officers of the Tacoma Police Department executed a warrant commanding them in part to

enter and search said premises, and to seize all controlled

substances there found, . . . and to make a return of said warrant within three days, . . . with a particular statement of all articles seized and the name of the person or persons in whose possession the same were found, if any, and if no person be found in the possession of said articles, the return shall so state.

While the police were in the midst of their search, the defendant drove up to the rear of the house, exited his car, and proceeded to the back door. He had a suitcase and jacket in his right hand. Narcotics Officer Gary Todd, in the kitchen into which the door opened, looked up and said, "Come on in." Biggs entered, followed by Officer Dick Margeson, who had been searching outside the house. Biggs put down the suitcase and jacket. Officer Margeson draped the jacket over a chair, and the police searched Biggs and the suitcase. They found what appeared to be marijuana residue in the otherwise empty suitcase and $2,840 in cash on the defendant's person. After the officers determined there were no arrest warrants outstanding for Biggs, he was allowed to leave with his suitcase and money. The officers soon noticed that Biggs had left his coat behind and also realized that neither of them had searched it. When they picked it up, they could see a plastic baggie protruding from a pocket. This suggested to them the presence of drugs—confirmed when the baggie was found to contain marijuana. Other articles in the pocket contained powdery substances, later analyzed as heroin and cocaine. Officer Todd chased Biggs, who eluded him in a nearby alley. The defendant was arrested later that night.

Defendant first contends the drugs should have been suppressed because the affidavit underlying the warrant was based on double hearsay. Specifically, the affidavit states as follows:

Within the past 72 hours a reliable and confidential informant has observed within the above residence narcotics, and specifically marijuana. The informant knows the resident to be a person by the nickname of "Doc" and has been in subsequent contact with "Doc" who stated he would be in possession in excess of forty pounds of marijuana this date, Feb. 1, 1974. The informant is reliable in

that he/she has furnished the Narcotics Detail with information on at least four prior occasions which has proven to be true and correct. The information supplied by informant has led to seizures of large quantities of narcotics and has further led to the arrest of major drug dealers in the Tacoma area. The informant is familiar with narcotics and their packaging characteristics and it can be said that the informant is familiar with the drug scene, in general.

Because the affidavit is based on what the police informant said had been told to him by a second person named "Doc," defendant argues that the affidavit (1) is inadequate to enable the issuing magistrate to evaluate "Doc's" credibility, (2) does not indicate that "Doc" has ever been involved with drugs, and (3) is insufficient to test the reliability of the informant himself, who may previously have given false information as well as the correct information discussed.

In reviewing a magistrate's issuance of a search warrant based on an informant's tip, we must decide whether the informant is shown to be reliable and whether the information supplies a reasonable basis to support probable cause beyond mere suspicion and belief. *Aguilar v. Texas*, 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964); *Spinelli v. United States*, 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969); *State v. White*, 10 Wn. App. 273, 518 P.2d 245 (1973). The very affidavit at issue here was upheld in a companion case, *State v. Cowles*, 14 Wn. App. 14, 19, 538 P.2d 840, *review denied*, 86 Wn.2d 1004 (1975), as providing a substantial basis for crediting the reliability of the factual information and the reliability of the informant and thereby establishing probable cause for issuance of the warrant under the test of *State v. Patterson*, 83 Wn.2d 49, 515 P.2d 496 (1973). The purported distinction from the *Cowles* facts urged by Biggs—that the evidence used against him was seized from his person rather than from the residence—lacks validity. The plain fact is that the contraband was discovered in the coat which he had laid down and left in the kitchen, not on his person; moreover,

this particular challenge is to the sufficiency of the affidavit per se, rather than to the actual seizure.

Biggs advances several reasons for suppression of the evidence on the grounds the search was improper: (1) the warrant commanding a search of the premises was not broad enough to allow the search of persons at the house; (2) assuming the warrant did authorize a search of persons, the defendant was not in the residence when the search began and did not voluntarily enter during the search; (3) the warrant did not describe Biggs with particularity as a person subject to search; (4) assuming the warrant was based on probable cause to believe drugs were in the house, this probable cause did not extend to the jacket brought onto the premises after the search began.

The defendant's point is well taken that a warrant to search premises does not, by itself, permit a search of undescribed individuals. The warrant's words of commandment quoted above are virtually identical to those found inadequate to allow the search of persons in *Tacoma v. Mundell*, 6 Wn. App. 673, 495 P.2d 682 (1972). Further, the Fourth Amendment requires that the warrant name or describe with particularity the person, place, or thing to be searched. 68 Am. Jur. 2d *Searches and Seizures* § 79 (1973); *see State v. Eisele*, 9 Wn. App. 174, 511 P.2d 1368 (1973); CrR 2.3(c).

However, the search of Biggs' jacket does not fall within these principles. Assuming it is true that the search of the defendant's person was beyond the scope of the warrant and was more extensive than a mere frisk for possible weapons, the coat was not on his person when it was searched. Biggs set the coat down and then left it behind when he departed. The jacket thus simply became another article of clothing in the residence, subject to search along with garments in the closets and elsewhere. *State v. White*, 13 Wn. App. 949, 538 P.2d 860 (1975). The defendant cites no authority for his contention that the police cannot seize contraband brought onto premises where a search is underway. To the contrary, we believe

that someone who brings an article to premises during the course of a police search, and then departs without taking it along, must be deemed to have exposed it to lawful search under the warrant being executed. *Cf. Abel v. United States*, 362 U.S. 217, 4 L. Ed. 2d 668, 80 S. Ct. 683 (1960); *State v. Loran*, 62 Wn.2d 4, 380 P.2d 733 (1963).

Finally, the defendant challenges the second paragraph of the following instruction given by the court:

> Possession means simply the owning or having a thing in one's power. It may be either actual or constructive. Actual possession exists when the property is in the personal custody of the person charged with possession. Constructive possession exists when there is possession, dominion and control of the property or the premises on which the property was found.
>
> *Where there is a right to the immediate actual possession of the property, such possession is designated as "possession in law." One may have possession of property without having it actually on his person.*

(Italics ours.) Biggs suggests that this language is an improper comment on the evidence that he did not have the drugs on his person when he was either searched or arrested. The defendant's proposed alternative instruction was refused by the trial court.

The court's instruction was considered in *State v. Cowles, supra* at 21. What we said there is equally applicable here:

> The instruction given may not provide the most articulate definition of "possession," but McGilton [a codefendant] was granted the opportunity to argue effectively that he was not in possession of the [drugs], either actually or constructively.

The instruction given contains the somewhat vague and confusing concept of "possession in law." However, there was no abuse of the court's discretion to word its instructions. The instruction was not fatally misleading and it fulfilled the requirement of affording Biggs the opportunity

226

to argue his theory of the case to the jury. *State v. Dana*, 73 Wn.2d 533, 439 P.2d 403 (1968).

The conviction is affirmed.

PETRIE, C.J., and PEARSON, J., concur.

Petition for rehearing denied October 18, 1976.

Review denied by Supreme Court March 21, 1977.