993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul George MUXEN, Petitioner-Appellant,
v.
Kenneth W. DUCHARME, Warden, Washington State Reformatory,
and The Attorney General of the State of
Washington, Respondents-Appellees.
 No. 91-35974.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1993.*
Decided May 12, 1993.
 
 Before WRIGHT, CANBY and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Muxen shot and killed a police officer in Washington. The testimony at trial was conflicting. One witness indicated that Muxen attempted to slam the front door on the officer, that the officer resisted, and that they struggled on the front porch, where Muxen pistol-whipped and then shot the officer. Muxen testified that although he did not remember who instigated the scuffle, the officer pushed his way into the house, and they ended up on the porch. Muxen did not recall shooting the officer. A jury convicted Muxen of second degree murder, and he was sentenced to life imprisonment. His direct appeal was unsuccessful. He now appeals the denial of his petition for a writ of habeas corpus. We affirm.
 
 I.
 
 3
 Muxen argues that the trial court improperly refused to admit evidence of diminished capacity. Washington law allows an expert witness to give an opinion regarding the defendant's ability to premeditate if a mental disease or defect "substantially reduces the probability that [the defendant] actually did premeditate with regard to the crime with which he is charged." State v. Carter, 490 P.2d 1346, 1348-49 (Wash.Ct.App.1971) (citation omitted; internal quotation omitted); State v. Edmon, 621 P.2d 1310, 1313, 1314 (Wash.Ct.App.1981).
 
 
 4
 The trial court did not bar the testimony of Muxen's expert. Rather, after Muxen's attorney informed the court that the expert would testify that four factors rendered Muxen incapable of premeditation, the court requested an offer of proof as to how two of the factors constituted a mental disease or defect.[1] Muxen's attorney never made such an offer.
 
 
 5
 If no offer of proof is made, error cannot be predicated on the exclusion of testimony. State v. Moore, 560 P.2d 712, 716 (Wash.Ct.App.1977) (citing State v. Pierce, 27 P.2d 1087, 1090) (Wash.1933)). Muxen's first claim is without merit.
 
 II.
 
 6
 Muxen next argues that the trial court wrongly instructed the jury on self defense. For his claim to be cognizable in federal court on a habeas appeal, Muxen must show that the " 'ailing instruction by itself so infected the entire trial that the resulting conviction violates due process,' not merely [that] 'the instruction is undesirable, erroneous, or even universally condemned.' " Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973) (internal quotation omitted)).
 
 
 7
 A determination of the proper instruction is generally a matter of state law. Id. at 155. Washington law provides that "instructions are sufficient where they correctly state the law and allow counsel to argue their theories of the case." State v. Bius, 599 P.2d 16, 18 (Wash.Ct.App.1979).
 
 
 8
 The trial court gave two instructions on self defense. The first instruction[2] omitted "the essential element that the person using the force need only reasonably believe, in light of all the facts and circumstances known to him, that he ... is in danger." State v. Fesser, 595 P.2d 955, 956 (Wash.Ct.App.1979). However, the defect is not fatal because the evidence of self-defense at Muxen's trial was negligible. See State v. Saunders, 639 P.2d 222, 224 (Wash.Ct.App.1982).
 
 
 9
 The other instructions given by the court is an "aggressor instruction" which Washington courts disfavor.[3] See State v. Kidd, 786 P.2d 847, 850-851 (Wash.Ct.App.1990), review denied, 115 Wash.2d 1010 (1991). "Nevertheless, it is not error to give [such an instruction] when there was credible evidence from which the jury could reasonably have concluded that it was the defendant who provoked the need to act in self-defense." Id. at 851. A jury could reasonably and properly have found that Muxen slammed the front door on the officer and then pistol whipped him or instigated a scuffle with him before shooting him, thus provoking the officer's acts against him. Having given the first instruction, it was not error for the court to give the aggressor instruction.
 
 III.
 
 10
 Muxen contends that a 1986 amendment to the Washington Sentencing Reform Act constitutes the application of an ex post facto law. We have previously rejected this argument. Foster v. Washington State Bd. of Prison Terms and Parole, 878 F.2d 1233 (9th Cir.1989).
 
 IV.
 
 11
 Finally, Muxen asserts that the state sentencing review board denied him due process in setting a minimum term of imprisonment because it took into account an aggravating factor--the identity of his victim, a police officer--that was not proved beyond a reasonable doubt at trial. Muxen's contention fails because even if the aggravating factor was not proved beyond a reasonable doubt at trial, it need not have been. All that the prosecution had to prove were the elements of second degree murder. The identity of Muxen's victim was not an element of his crime.
 
 
 12
 In setting terms of imprisonment, the sentence review board is not limited to considering elements of the offense. It may consider other relevant matters not proved beyond a reasonable doubt at trial, including the fact that the victim was a police officer. See McMillan v. Pennsylvania, 477 U.S. 79, 85 (1985).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The court ruled that evidence of the other two factors would be admissible
 
 
 [2]
 The court's first instruction was as follows:
 Insofar as this case is concerned the use of force upon or towards the person of another is unlawful except when used by a person about to be injured in preventing or attempting to prevent an offense against the person and when the force is not more than is necessary. However, a person may not lawfully apply force against a law enforcement officer when he is being lawfully arrested even if the force is excessive unless the use of force by the officer places the arrestee in actual danger of serious injury. In such cases, the force may not exceed that reasonably necessary to protect the person being arrested. "Necessary" means that no reasonably effective alternative to the use of force appeared to exist and that the amount of force used was reasonable to effect the lawful purpose intended.
 
 
 [3]
 The instruction provides that:
 [n]o person may by any unlawful act create a necessity for acting in self-defense and thereupon claim that he lawfully used force upon or toward another person.